## JOHN H. FERGUSON v. M. D. HERRING AND WILLIAM GREEN, SHERIFF.

1. INJUNCTION.—The claimant of property levied on under execution cannot invoke relief by injunction to prevent its sale, unless some good reason be alleged in the petition why he did not resort to his legal remedy by affidavit and claim bond to try the right of property.

2. INJUNCTION—JUDGMENT.—On the dissolution of an injunction issued to restrain a sale of property by the sheriff, it is error to render judgment against the plaintiff and his sureties, on motion, for the value of the property as estimated by the sheriff in his return, and ten per cent. damages, with costs of suit.

3. PRACTICE—INJUNCTION.—On the dissolution of an injunction to restrain a sale of property by a sheriff, it is error to enter judgment, on motion, finally determining the suit, when a trial is demanded by the plaintiff. It would be otherwise, if the motion to dissolve is presented when the case is called for trial, and is predicated on the want of equity in the bill.

4. DAMAGES—INJUNCTION.—When an injunction is dissolved which issued to restrain the sale of property by the sheriff levied on under execution, it is error to render judgment for ten per cent. damages against the plaintiff, if he was no party to the execution or former judgment. It is also error, in such case, to render judgment against the principal and sureties on the injunction bond for the value of the property levied on. The only way in which a defendant could recover damages in such proceeding, would be on a claim set up in reconvention.

5. APPROVED.—Carlin *v.* Hudson, 12 Tex., 202, approved.

APPEAL from Waller. Tried below the Hon. L. Lindsay.

On the 18th day of April, A. D. 1871, Marcus D. Herring, administrator of R. M. Hargrove, recovered a judgment, in the District Court of Austin county, against Edwin Waller, Jr., for $2,500 and costs. On the 24th day of September, A. D. 1873, a *fieri facias* issued to Waller county, against Edward Waller, Jr., the defendant in the judgment. The sheriff returned the writ, and it was filed in Waller. county; not in Austin county, whence it issued.

The sheriff states, in his return, that he levied on, and had taken into his possession, one-half interest in seven bales of

cotton in the seed, and a half interest in the growing crop of cotton, estimated at sixty-five acres of land, on the home place of Edwin Waller, Jr.,—all of said property valued at $575; and he advertised the same for sale on October 15, 1873. Sale was not made, because of the injunction restraining further proceedings against that property. It is not shown what the sheriff did with the cotton after the injunction. The injunction was obtained by the appellant, John H. Ferguson, on the ground that he had made a payment to Edwin Waller, Jr., of $1,000 in gold, in money and supplies, without which the crop could not have been made; and on September 20, 1873, Waller executed a bill of sale of the property to Ferguson. There are other grounds stated, not material to mention.

The defendants in the injunction suit filed a general demurrer and general denial, not sworn to; and moved to dissolve the injunction; and prayer for judgment for value of the property, and ten per cent. damages. The plaintiff moved for a continuance, and this motion was overruled. The court dissolved the injunction, and rendered judgment in favor of defendant Herring for $575 principal, and ten per cent. damages, without a hearing; and refused to permit the plaintiff to introduce any evidence, or to have a verdict of a jury on the facts. The bill of exceptions, motion for new trial which was overruled, and assignment of errors show that this was objected to in the court below.

*Harris & Masterson,* for appellant.

*Reese & Cole,* for appellee.—In this case, the injunction was rightly dissolved, for want of equity in the petition. The plaintiff's petition discloses nothing that would entitle him to the extraordinary remedy of injunction. The law is clearly established, that to entitle a party to the extraordinary remedy of injunction, or any other remedy of equity, as distinguished from law, he must show that the ordinary remedy which is

unquestionably afforded by the law, as distinguished from equity, would not afford him adequate and complete relief. (Windisch *v.* Gussett, 30 Tex., 744; Burnley *v.* Cooke, 13 Tex., 586; 2 Story's Eq. Jur., secs. 875, 882, 925, 928; 3 Danl. Ch. Pr., p. 1921, note 1; Gerome *v.* Ross, 7 Johns. Ch., 315; Cameron *v.* White, 3 Tex., 152; Adams' Eq., p. 457, note 1; Chappell *v.* Cox, 18 Md., 513; High on Inj., sec. 98.)

Now, if the sheriff had levied upon appellant's property to satisfy the debt of another, the statutes for the trial of the right of property afforded him ample, complete, and a peculiarly appropriate remedy, admirable in its simplicity and freedom from technicality; and so appellant had no right to the remedy prayed for. The petition alleges that the property levied upon had been sold and not mortgaged by Waller to appellant; but if, as is alleged in plaintiff's petition, the sheriff had made no levy, then in what were appellant's rights invaded?—and what wrong done or threatened, irreparable by ordinary remedy at law, has he to complain of?

The petition alleges that the levy was null and void, that the sheriff did not take possession of the property, but left it in the possession of the defendant in execution. If there was no levy, and the possession was not changed or interfered with, as the petition states, then the plaintiff has no right of action, legal or equitable, but could have kept possession of the property until that possession was interfered with by a levy, and then filed a claimant's bond and affidavit under the statute.

The appellant, it would seem, seeks to avoid the real issue by technical objections to the levy, and asks a court of equity to help him in it. If the sheriff's acts in regard to the property amounted to a trespass, then there was a legal levy; if not, the plaintiff has no wrong to complain of. A sale under a void levy, by the sheriff, would not have even embarrassed the plaintiff; besides, the sheriff could not have sold, without taking the property into his possession. If his act amounted

to a trespass, there was a legal remedy. (Portis *v.* Parker, 8 Tex., 23.)

The objection to the jurisdiction of the court might have been good if made by the defendant; but certainly the plaintiff, having elected the jurisdiction, and having received all the benefits of the writ of injunction, will not be allowed to say that the court in which he brought his action had not jurisdiction to entertain it, and thus leave the defendant wholly without remedy.

The objection, that appellant was entitled to a jury upon trial of the motion to dissolve, is without force, the motion being in the nature of a demurrer.

The court had a right to give judgment for the value of the property as it appeared from the return of the sheriff, as appellant did not offer to prove that it was of less value. (Wright *v.* Henderson, 12 Tex., 43.)

ROBERTS, CHIEF JUSTICE.—This is a suit brought by appellant against appellees to enjoin the sale under execution of some cotton, partly picked out and in pens, and partly unpicked in the field, levied on by Sheriff Green as the property of Edwin Waller, Jr., to satisfy a judgment in favor of M. D. Herring, administrator, and claimed by Ferguson as his property, by virtue of a transfer in writing from Edwin Waller, Jr., to him.

Defendants below filed an answer containing a general exception and general denial, and a motion to dissolve the injunction for want of equity.

The court sustained the motion to dissolve the injunction, and in that there was no error, for the petition exhibited no good reason why the plaintiff did not resort to his legal remedy by affidavit and claim bond to try the right to the property levied on; or if the property was not in fact levied on by the sheriff, as it is alleged in the petition, he did not need, and was not entitled to, any remedy, either legal or equitable.

But the court, upon dissolving the injunction upon motion,

proceeded at once to render a judgment against the plaintiff, Ferguson, and the sureties on his injunction bond, for the value of the cotton as estimated by the sheriff in his return upon the execution, ($575,) and ten per cent. damages on that amount, together with the costs of the suit.

This action of the court was erroneous in several respects. The suit should not have been finally determined on a motion to dissolve the injunction, when the plaintiff asked the court for a trial, as shown by the bill of exceptions in the record. Had the motion to dissolve been presented when the case was called for trial, in connection with the general exception to the petition, it would have been proper to have dissolved the injunction and dismissed the petition for want of equity, but not alone upon the motion to dissolve.   Again, the court had no authority to assess the ten per cent. damages upon the value of the property levied on, because Ferguson was no party to the execution, or to the judgment on which it was issued; and there was no authority for rendering the judgment for the value of the property levied on against the principal and sureties on the injunction bond.   The bond itself only bound the sureties to pay such damages as said Herring might sustain by the wrongful suing out of the writ.

The only way in which Herring could have recovered anything in this suit, would have been by claiming damages in reconvention for the wrongful suing out of the injunction by Ferguson.

As authority for the petition being subject to exception for want of equity, and for the judgment for the value of the property and ten per cent. damages being erroneous, reference may be had to an opinion of Justice Wheeler, in the case of Carlin *v.* Hudson, 12 Tex., 202, in which it is held, that article 3935 of Paschal's Digest, authorizing the assessment of damages upon the dissolution of an injunction upon motion, "has reference to injunctions to restrain the collection of money, obtained by the judgment debtor, or some one who is a party to the judgment"; and the same may be said of

article 3936 of Paschal's Digest, under which judgment may be rendered for the principal sum enjoined. (Pryor *v.* Emerson, 22 Tex., 165.) In the same opinion, it is held, that the remedy against one obtaining an injunction who is no party to the judgment, is by reconvention in the same suit, or by separate suit on the bond.

There is no other question in the case requiring notice in this opinion.

For the error in rendering judgment for the estimated value of the property levied on, and ten per cent. damages thereon, by the court, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.