R. F. GEORGE v. P. S. AND IDA L. DYER.

(No. 934, Op. Book No. 2, p. 350.)

APPEAL from Galveston County.   Opinion by WHITE, P. J.

§ 780. *Injunction to stay proceedings on judgment; returnable to county where judgment was rendered; county judge of another county may grant, etc.; suit is not brought until petition is filed.*   A judgment was rendered in Galveston county, and an execution thereon was sent to Fort Bend county and there levied upon property. Appellees obtained from the county judge of Fort Bend county an injunction enjoining the execution, etc., which injunction suit was returned to and filed in the county court of Galveston county.   *Held,* the injunction suit was returnable to and triable in the county court of Galveston county.   [R. S. 1198, 2880.]   The county judge of Fort Bend county had authority under the law to grant the injunction and cause the proceedings to be returned to the county court of Galveston county for trial.   There is no incongruity or incompatibility between the two articles of the statute above cited; on the contrary, they were intended to stand and can be easily reconciled and construed together.   A suit, in contemplation of law, is not brought, under our practice, until a petition is filed. Where is the petition for injunction to be filed when the object sought is to stay execution ?   Clearly, in the county where the judgment was rendered upon which the execution issued.

§ 781. *Claimant of property cannot invoke relief by injunction, unless, etc.; rule does not apply to a mortgagee.* The claimant of property levied on under execution cannot invoke relief by injunction to prevent its sale, unless some good reason be alleged in the petition why he did not resort to his legal remedy by affidavit and claim bond to try the right of property.   [Ferguson v. Herring, 49 Tex. 126; Whitman v. Willis, 51 Tex. 421; R. S. 4822.] But this rule does not apply to a mortgagee of property,

as he does not have such title in the property as can be asserted under the statute for the trial of the right of property.

§ 782. *Mortgaged goods subject to execution; injunction by mortgagee to restrain sale of, under execution, not maintainable, etc.* Appellee Ida L. Dyer obtained an injunction restraining the sale of property upon which she held a mortgage. The property belonged to her husband, and was levied upon to satisfy his debt. Upon a hearing of the case the injunction was perpetuated. *Held*, if the mortgage held by Mrs. Dyer was a valid and subsisting claim upon the goods, that afforded no reason why they were not also liable to seizure under execution against her husband. Our statute provides that "goods and chattels pledged, assigned or mortgaged as security for any debt or contract may be levied upon and sold on execution against the person making the pledge, assignment or mortgage subject thereto, and the purchaser shall be entitled to the possession when it is held by the pledgee, assignee or mortgagee, on complying with the conditions of the pledge, assignment or mortgage." [R. S. 2296.] Her rights would have been in no way prejudiced by a sale of the property under the execution, because such sale would have been subject to her mortgage, if the same were valid, and the proceeds would have first been applied to its liquidation. Such being the law, she was not entitled to restrain the execution sale, and her petition was without equity.

February 19, 1881.          Reversed and remanded.