### FRITSCHE et al. v. NIECHOY.

(Court of Civil Appeals of Texas. Galveston. June 21, 1913.)

INJUNCTION (§ 5*)—RIGHT OF ISSUANCE.

    Where plaintiff had judgment in a forcible entry and detainer suit brought in justice court against defendant, who appealed to the county court, giving a bond that no transcript had been filed in the county court, though over two terms had elapsed, a mandatory injunction should not be granted to oust defendant from possession, though defendant had placed another person in possession to hold the property for him, for if the appeal was still pending, the right to possession should not be determined by an independent injunction proceeding; and, if it was not, a proper writ under the original judgment would place plaintiff in possession.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 4; Dec. Dig. § 5.*]

Appeal from Chambers County Court; R. J. McMurrey, Judge.

Action by L. A. Niechoy, as administrator, against Charles Fritsche and another. From an order issuing a mandatory injunction without notice, defendants appeal. Reversed and remanded.

A. L. Beason, of Anahuac, for appellants.

REESE, J. This is an appeal from an order of the county judge of Chambers county, made and entered in chambers, and without notice to the defendants, granting to appellee a mandatory writ of injunction commanding the defendants to cease possession of certain premises described in the petition, or application for the injunction, in person or by agent or tenant, and remove from said premises, and to deliver same to the plaintiff as administrator of the estate of Charles Fritsche, Jr., and that plaintiff be allowed to take charge and possession of said premises until the final determination of the right of possession of said premises by a court of competent jurisdiction. By order of the county judge plaintiff was not required to give bond.

It is set out in the petition that the premises were the property of the estate of Charles Fritsche, Jr., of which plaintiff was administrator; that after the death of said Charles Fritsche, Jr., defendant took forcible possession of the property; that plaintiff brought suit against him in the justice court in an action of forcible entry and detainer, in which action he had judgment for the restitution of the premises; that defendant, appellant Charles Fritsche, gave notice of appeal to the county court from said judgment (which was alleged to have been rendered ——— day of November, 1912), and gave an appeal bond, but that the transcript on appeal had never been filed in the county court, although two terms of said county court had passed since taking said appeal, and that it is not the intention of the defendant Fritsche to prosecute said appeal. It is further alleged that immediately after said judgment in the forcible entry and detainer suit, the said defendant "for the purpose of evading said judgment, and for the purpose of holding wrongfully said premises, placed in possession thereof his codefendant, and that said last-named defendant is holding possession of the premises for said defendant Charles Fritsche, and that, however said cause tried in November should result in the county court, this plaintiff could not take possession of said premises, for the reason that the last-named defendant was not a party to the forcible entry and detainer suit." The foregoing are the substantial allegations of the petition.

It needs no argument to show that the issuance of the injunction by any court or judge would not have been authorized. Certainly it needs none to show that the action of the county judge in thus summarily dispossessing defendants of the premises and prop-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

erty was without any authority. If the appeal from the judgment in the forcible entry and detainer suit was pending, obviously the county judge could not thus forestall the judgment on such appeal. If the appeal had been abandoned and lost by failure to file the transcript in the county court, no mandatory writ of injunction was necessary to place the plaintiff in possession. All he had to do was to sue out a proper writ under such judgment, and it would have made no difference that the defendant in that action had placed some one else in possession to hold possession for him, as is charged.

The issuance of the writ of mandatory injunction was unauthorized from any view of the case. The order appealed from is reversed, and it is ordered that the writ of mandatory injunction be set aside, canceled, and held for naught.