## STATE v. HOUSTON NAT. BANK et al.*
(No. 8600.)

(Court of Civil Appeals of Texas. Galveston.
Jan. 31, 1924. Rehearing Denied
Feb. 7, 1924.)

1. Injunction ⊘═37—Properly denied to state to recover possession of property where remedy at law available.

An injunction was properly denied the state to recover title and possession of property held by a sheriff under writ of sequestration in a suit involving its title and possession, since, if the state owned the property, it could through its officers charged with its possession and custody, recover it by using the statutory remedy of a trial of the right of property, or possibly by bringing an independent suit for its recovery.

2. States ⊘═190—State's title to property determined by same law as other litigants, except as modified in its favor.

Where the state avails itself of the remedy of trial of right of property, or brings a suit to recover possession of the property, the right and title of the state in the property would be determined by the same principles of law and rules of procedure as are applied to other litigants, except in so far as such rules may be modified in favor of the state by statute, or be inapplicable because of exemptions inherent in sovereignty.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by the State of Texas against the Houston National Bank and others. Judgment for defendants, and plaintiff appeals. Affirmed.

W. A. Keeling, Atty. Gen., and John W. Goodwin, Frank M. Kemp, and John C. Wall, Asst. Attys. Gen., for the State.

W. L. Hill, of Houston, for appellees.

PLEASANTS, C. J. This appeal is from an order of the trial judge refusing appellant a temporary injunction in a suit for injunction brought by the Attorney General in the name and on behalf of the state against the appellees.

The facts upon which appellant's cause of action is based, as stated in the petition, are as follows:

The appellee Houston National Bank, in a suit brought by it against the Merchants' Compress Company on the 11th day of October, 1923, to recover the title and possession of 435 bales of cotton, a descriptive list of which is attached to the petition in this case, obtained a writ of sequestration which was issued on December 3, 1923, and on the same day was executed by the appellee T. A. Binford, sheriff of Harris county, by seizing and taking into his possession all of the cotton described in the petition.

After stating these facts, the petition contains the following allegations and prayer:

"5. Plaintiff alleges that it is the owner of the cotton seized under and by virtue of the aforesaid writ of sequestration, and was such owner at the time said writ of sequestration was executed as aforesaid, and same was not therefore subject to seizure under said writ, and its seizure was therefore unlawful and wrongful.

"6. Plaintiff alleges that the aforesaid cotton so levied upon and seized at the suit of the Houston National Bank belongs to and is owned by the state of Texas in its sovereign capacity and so belonged to and was owned by it at the time of its seizure under the aforesaid writ of sequestration, and that the same, therefore, is not and was not at the time of the execution of said writ subject to such seizure and the seizure thereof is and was illegal and void.

"7. Plaintiff alleges that the cotton seized by defendants as aforesaid, being its property, was not subject to seizure and plaintiff is not required to resort to an action for damages for such wrongful acts or to the statutory method of trial of the right of property, or any other legal remedy, but is entitled to have said levy vacated and the property restored to it through the injunctive relief hereinafter prayed for.

"8. If mistaken in its allegations that it is entitled to the injunctive relief hereinafter prayed for, regardless of whether there is an adequate legal remedy, then plaintiff alleges that it has no adequate legal remedy, as efficient as an injunction. That the remedy by suit for damages for the wrongful act of defendants would compel it to surrender to defendants its property and look to them and depend upon their continued solvency for its damages, and would place upon plaintiff the burden without the benefit of possession of said cotton to prove the grade or classification of each bale of said cotton and its market value; thus subjecting plaintiff to the risk of loss of the real value thereof, in addition to the delay incident to such action.

"9. That the remedy provided by statute for the trial of the rights of property, if applicable to plaintiff, which it denies, would not be adequate and efficient remedy and would not be so efficient as an injunction in this. It would be a recognition by plaintiff of the validity of the writ of sequestration and the seizure thereunder of its property and a waiver of damages for all such wrongful acts and would subject plaintiff to the enormous cost of giving a claimant's bond in double the value of the cotton, which plaintiff alleges to be $130,000 and for which expense so incurred plaintiff would have no legal remedy against defendant.

"10. Plaintiff charges that it would be compelled to resort to surety companies to make such claimant's bond, should it be forced to pursue that course, and there being no way to bind the state to pay any judgment rendered against the bond, except by legislative act and appropriation, it is improbable that it could make bond, or if it could do so, it would be at a cost that will be prohibitive.

"Plaintiff alleges that at the time the cotton was levied upon and seized, as aforesaid, it

had the same insured against loss or damage by fire. That under the terms of the policy of insurance, the seizure of the cotton and taking of same in possession by defendant T. A. Binford, as aforesaid, annulled said insurance and said property is now, so far as plaintiff is concerned, uninsured.

"Plaintiff alleges that by reason of the premises it will suffer irreparable loss and injury unless defendants are enjoined from further executing said writ and are required to vacate said levy and restore to plaintiff its said cotton. Premises considered, plaintiff prays for a temporary writ of injunction enjoining and restraining defendants and each of them from further executing said writ of sequestration and on hearing hereof that said injunction be made perpetual, and for a mandatory writ of injunction commanding and requiring defendants and each of them to vacate the levy of said writ of sequestration on said cotton and to restore the same to plaintiff, and for all such other and further relief as it may be entitled to under the facts at law or in equity."

This petition was sworn to by H. W. Sayle, a member of the board of prison commissioners of the state of Texas.

Upon consideration of the petition in chambers, the trial judge indorsed thereon the following order:

"In Chambers.

"December 29, 1923.

"The foregoing application having been presented to me and having been considered by me, the same is hereby ordered filed as of this date.

"In consideration of the merits of the application, the court is of opinion that same ought to be denied, for the reason that it is the opinion of the court that the matters and facts recited therein upon which the relief prayed for is sought are involved in a case now pending in the Sixty-First district court of Harris county, Texas, styled Houston National Bank et al. v. Merchants' Compress Company et al., No. 107481, and in a certain other cause styled Board of Prison Commissioners v. Houston National Bank and T. A. Binford, Sheriff of Harris county, Texas, which latter cause was submitted to this court, and said two causes have been by this court consolidated.

"In view of the fact that an appeal has been taken from the order of this court in the consolidated causes denying the relief prayed for, and that a hearing on said appeal is set for January 3, 1924, it is therefore ordered and decreed that the temporary injunction prayed for in the foregoing petition be and the same is hereby denied, and that this application be consolidated with the two causes already pending.

"To the action of the court in consolidating the causes, the plaintiff, the state of Texas, excepts; and to the action of the court in denying the temporary injunction, the plaintiff, the state of Texas, excepts and gives notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston."

Waiving the question of the authority of the Attorney General to bring this suit in the name of the state, we think it clear that the suit is one that cannot be maintained by the state, and that a general demurrer to the petition should be sustained.

[1, 2] The petition discloses that the property is held by the appellee sheriff under a valid writ regularly issued by a court of competent jurisdiction in a suit, between citizens of the state, involving its title and possession.

If the state owns the property, it can, through its officers or agents charged with its possession and custody, recover it by using the statutory remedy of a trial of the right of property, or it may be it might bring an independent suit for its recovery, making all of the parties at interest in the suit, in which the writ of sequestration was issued parties defendant with the sheriff. In either of such proceedings, the right and title of the state in the property would be determined by the same principles of law and rules of procedure as are applied to other litigants, except in so far as such rules may be modified in favor of the state by statute, or may be inapplicable or unenforceable because of exemptions inherent in sovereignty. State v. Snyder, 66 Tex. 700, 18 S. W. 106.

In the companion case to this, styled Board of Prison Commissioners v. T. A. Binford, 259 S. W. 169, and referred to in the order of the trial judge before set out, and which is a proceeding by the board of prison commissioners in their official capacity to recover this cotton as the property of the state, this court, in an opinion recently delivered, has held that the statutory remedy of trial of the right of property is available to the board of prison commissioners and that that board can pursue the remedy without executing the claimants' bond required by the statute of other claimants.

This holding fully protects the state in all of its rights, and is sufficient in itself to defeat appellant's right to the relief sought in this suit. In no event should the state be permitted, by the use of the extraordinary remedy of injunction, to recover the title and possession of property claimed and held by one of its citizens without giving the citizen the opportunity to contest in the courts the right and title of the state under the same principles and rules of law applicable to other litigants.

We are of opinion that the judgment of the trial court should be affirmed; and it has been so ordered.

Affirmed.