## FLORENCE et al. v. FIKES.

### No. 4234.

Court of Civil Appeals of Texas. Texarkana.

April 15, 1932.

Rehearing Denied April 28, 1932.

C. E. Florence, G. L. Florence, and E. M. Fulton, all of Gilmer, for appellants.

J. F. O'Brian and M. G. Mell, both of Gilmer, for appellees.

SELLERS, J.

C. E. Florence was appointed guardian of the estate of Jack Howell, a minor, by the county court of Smith county, Tex. His ward, Jack Howell, age eleven years, is a resident of Illinois, and William Edward Howell is guardian of the person of said minor in Illinois and of his estate located in that state.

As guardian of said estate in Texas, C. E. Florence sold to Leland Fikes, appellee, an undivided interest in approximately 244½ acres of land in the William Tyndale survey in Gregg county, Tex., under proper order of the probate court of Smith county, Tex., for the sum of $30,000 cash.

C. E. Florence filed his application to resign as guardian, and, on January 18, 1932, the probate court entered its order discharging C. E. Florence as guardian, as well as discharging the bondsmen on his bond.

Contemporaneous with the filing by said Florence of his application to resign as guardian, William Edward Howell made his application to the county court of Smith county to be appointed guardian of the estate of Jack Howell, minor, and on January 18, 1932, was appointed guardian of said estate. The last-named guardian immediately after his appointment filed application to remove the funds of said estate consisting wholly of cash to Illinois, the home of the minor and his guardian, and on January 20, 1932, at a hearing held for that purpose, the probate court entered an order authorizing and directing the said William Edward Howell, guardian, to remove from the state of Texas the money belonging to the said minor amounting to the sum of $28,174.55 to the city of Marshall, Clark county, Ill. All but $600 of said money was realized from the sale of said property to appellee against which had been charged certain commissions, fees, costs, etc.

Appellee Leland Fikes, upon learning that William Edward Howell, the guardian, had secured an order from the probate court of Smith county, Tex., to remove the money from this state which he (Fikes) had paid for the land conveyed to him by the guardian, applied to the district judge of Upshur county, Tex., Upshur county being in the Seventh judicial district, for an injunction restraining William Edward Howell from removing said money from this state and also restraining certain banks where the fund was on deposit from honoring any checks against such fund whatsoever. In his application for the restraining order, the appellee alleged facts to show that there is a suit pending in the district court of Gregg county wherein the title to the land purchased by appellee from the guardian is involved; that there is imminent danger upon the trial of the suit involving the title to the land of a finding and a decree of the court to the effect that such minor never at any time had any interest in or title to the land conveyed by the guardian to the appellee; that the ap-

pellee in the suit pending in the district court of Gregg county is seeking to recover from the guardian the purchase price paid for the land to the guardian in the event the court determines that such minor never had any title to the land at the time it was conveyed to the appellee; that, if the appellant William Edward Howell is permitted to remove this money from this state, the appellee would, in the event the title in the minor failed, lose the entire consideration paid for such land.

The court granted the application and entered an order restraining the removal of the money to Illinois by the guardian until the final disposition is made of the cause pending in the district court of Gregg county. The restraining order as finally entered by the court applies only to William Edward Howell and the First National Bank of Gilmer, Tex., where the fund is on deposit. From the order as entered by the court, the guardian, William Edward Howell, has duly prosecuted this appeal.

■ It is apparent from the record in this case that the only purpose of this proceeding is to restrain temporarily the removal from this state of the only resources of the estate of the minor pending the final determination of the suit in Gregg county, wherein a judgment is being sought against the guardian of such estate by the appellee herein.

Subdivisions 1 and 2 of article 4642, R. S. 1925, provides:

"Judges of the district and county courts shall, in term time or vacation, hear and determine applications for and may grant writs of injunction returnable to said courts in the following cases:

"1. Where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him.

"2. Where a party does some act respecting the subject of pending litigation or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant when said act would tend to render judgment ineffectual."

Under these provisions of the statutes it is believed that the temporary order here complained of is fully authorized. The appellee Fikes in the suit pending in Gregg county is seeking to recover from the guardian the amount paid for the land in the event the court should conclude that such minor had no title to the land conveyed when the guardian undertook to convey same to the appellee. Then to permit the guardian to remove all the minor's estate beyond the jurisdiction of this state pending the trial of the case in Gregg county on the merits would certainly have the effect of rendering any judgment in favor of the appellee against the guardian of such estate ineffectual.

While the general right exists of removal from the state of the proceeds of sale of a minor's property, yet a limitation is placed upon the exercise of such right by article 4288, R. S. Such limitation clearly has in view and aim the protection of existing situations such as here alleged against loss or damage. The present injunction has the same effect and no more of staying the removal of the proceeds for a time, in the aim and purpose only of preventing a probable legal claim against the estate being rendered uncollectible and worthless.

■ Appellant insists that the appellee was not entitled to the order granted when he had an adequate remedy at law. It has been held that, where the statute authorizes the order granted, the rule of equity sought to be invoked does not apply. Republic Ins. Co. v. O'Donnell Motor Co. (Tex. Civ. App.) 289 S. W. 1064.

■ Another contention of appellant is that the property was conveyed to the appellee, he accepting the title "as is" and only such title as the minor has was involved. This, it would seem, is a proper question to be determined on the trial of the case in Gregg County on the merits and not in this proceeding.

Appellant's other contentions have been considered and are deemed without merit.

The judgment of the trial court is affirmed.