## WEST TEXAS UTILITIES CO. et al. v. FARMERS' STATE BANK IN MERKEL.

### No. 1303.

Court of Civil Appeals of Texas. Eastland.

Feb. 2, 1934.

Davidson, Doss & McMahon, of Abilene, for appellants.

Scarborough & Ely, of Abilene, for appellee.

LESLIE, Justice.

On November 1, 1933, the West Texas Utilities Company obtained a judgment against Sam Swann, and thereafter on November 22d it had an execution issued on the judgment, and caused the sheriff of Taylor county to levy the same on fifty-eight bales of cotton as the property of said Swann. The sheriff immediately advertised the cotton for sale. December 12, 1933, the petition for injunction in the instant case was presented to the district judge in chambers by the Farmers' State Bank in Merkel, the plaintiff in this cause. The bank's suit may be interpreted to assert title and lawful possession of the cotton in itself on November 21, 1933, and at the time of the seizure of the cotton. Along about November 22, 1933, said sheriff levied upon and seized the property. The sheriff and the Utilities Company were made defendants in the bank's suit as well as Sam Swann, who was alleged to be claiming some interest in the cotton adverse to that asserted by the bank. According to the prayer of the petition, a temporary injunction was granted preventing the sale of said cotton pending the final determination of the issues involved in the suit. It is from this order that the appeal is taken to this court by the company.

By appellants' first proposition, it is contended that the appellee's bill is fatally defective, in that it fails to allege any reason why it did not resort to its statutory remedy of trial of right of property by filing an affidavit and claimant's bond, thereby resorting to its legal remedy asserted by the appellants to be plain, adequate, and complete. Article 7402, R. S. 1925.

The appellee seeks to sustain the injunction on the theory upon which it was apparently granted, namely, that, at the time of the levy of the execution, it was the owner and in possession of the cotton, and that the sale of the same under the writ would be an act prejudicial to the rights of the bank and work an irreparable injury to it should said possession and control thus be disturbed and the cotton sold by said officer and placed in the channels and marts of trade contrary to the wishes of the bank. The injunction was awarded upon the allegations of the petition, which are accepted as facts in the disposition of this appeal.

Obviously the appellee's right to injunctive relief is predicated upon some provision of article 4642 of the Revised Statutes of 1925, which reads as follows:

"Judges of the district and county courts shall, in term time or vacation, hear and determine applications for and may grant writs of injunction returnable to said courts in the following cases:

"1. Where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him.

"2. Where a party does some act respecting the subject of pending litigation or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant when said act would tend to render judgment ineffectual.

"3. Where the applicant shows himself entitled thereto under the principles of equity, and the provisions of the statutes of this State relating to the granting of injunctions.

"4. Where a cloud would be put on the ti-

tle of real estate being sold under an execution against a party having no interest in such real estate subject to the execution at the time of the sale, or irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law. (Acts 1907, p. 206; Acts 1909, p. 354; Const., Art. 5, Secs. 8, 16.)"

In justice to the appellee's contentions, it must be conceded that there are authorities by the courts in this state so construing parts of the above statutes as to support the appellee's theory to the right of the relief granted by the trial court. The earliest case, perhaps, is Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, 995. However, after justifying the injunction in that case on principles of equity, the court in doing so gave utterance to the following dictum:

"While it is not necessary in this case, if we are correct in the statement of the above principles, to so hold, still we deem it proper to say that we are strongly inclined to the opinion that Rev. St. 1895, art. 2989, authorizes the injunction in this case, though the proceeding for trial of right of property and the action for damages should be held adequate remedies within the rule denying an injunction in such case at common law. The first portion of the article provides that the injunction may issue 'where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act prejudicial to the applicant.' And the latter provides that it may issue 'in all other cases where the applicant for such writ may show himself entitled thereto under the principles of equity.' It will be observed that the latter portion of the article requires the case to be brought within the rules of equity, and does not undertake to state the circumstances entitling the applicant to the writ; and therefore, under it, it must appear that there is not an adequate remedy at law as that term has always been understood. But the first portion of the article does state what facts will justify the issuance of the writ thereunder, and does not require that there shall be no adequate remedy at law. In other words, it provides that the writ may issue where it appears (1) that the applicant is entitled to the relief demanded; and (2) that, in order to give such relief, the restraint of some act is necessary. In this case it appeared (1) that the trustee was entitled under the law to have and retain the goods for the purpose of subjecting them to the trust as demanded by

him; and (2) that, in order for the court to accord to him such right, it was necessary to restrain defendants from taking, retaining, or selling the goods seized. This provision of the statute is most significant when it is considered that it was first incorporated into our law in the Revised Statutes of 1879, soon after the decision of Ferguson v. Herring, supra [49 Tex. 126] in 1878."

At the time (1897) this opinion was written by Judge Denman, the article of the statute referred to in the Sumner Case had been in effect since 1879, and between those dates numerous cases reached the Supreme Court in which injunctive relief was denied on the ground of the existence of adequate legal remedy. Spencer v. Rosenthall, 58 Tex. 4 (1882) in which an injunction against execution sale was refused: "The sale of the property could not cloud her title; and she had a plain, adequate and complete remedy at law." Purinton v. Davis, 66 Tex. 455, 1 S. W. 343 (1886); Chisholm v. Adams, 71 Tex. 681, 10 S. W. 336 (1888); Duck v. Peeler, 74 Tex. 268, 11 S. W. 1111 (1889); Galveston, etc., Co. v. Ware, 74 Tex. 47, 11 S. W. 918, 919; Beer v. Landman, 88 Tex. 450, 31 S. W. 805, by Denman, J.

Also, after the opinion in the Sumner Case, our Supreme Court, in Stephens v. T. & P. Ry. Co., 100 Tex. 177, 97 S. W. 309 (1906), denied the right to injunctive relief on the ground that plaintiff had adequate remedy at law and could obtain full justice by employing the same. In principle a like holding was made by that court in Galveston, H. & S. A. Ry. Co. v. De Groff, 102 Tex. 433, 118 S. W. 134, 21 L. R. A. (N. S.) 749 (1909).

Since the above opinions were delivered, many of like import both by the Supreme Court and the Courts of Civil Appeals, as shown by the authorities relied on in this opinion, have held that the writ of injunction will only be issued when the plaintiff brings himself within the time-honored rule by showing the inadequacy of the processes of the law. Of course, what is here said is in full recognition and in no wise in conflict with one's right to an injunction when the statute specifically authorizes it as in suit for divorce (articles 4635, 4636, R. S. 1925), nuisance, disorderly houses, gaming, etc. (articles 4664–4667, R. S. 1925), and pool halls (article 4668, R. S. 1925), and statutes of that nature. In cases thus provided for by special statute, we understand one's right to injunction is in no way restricted by requirement of showing inadequacy of legal remedy as a prerequisite to the granting of

the writ. In other words, the right to an injunction in such instances would not be confined to the rules of equity jurisprudence. Texas Farm Bureau v. Stovall, 113 Tex. 273, 253 S. W. 1101; Clopton v. State (Tex. Civ. App.) 105 S. W. 994; Campbell v. Peacock (Tex. Civ. App.) 176 S. W. 774; Ames v. Ames (Tex. Civ. App.) 64 S.W.(2d) 1067; article 4663, R. S. 1925, and notes thereunder; 24 Tex. Jur. p. 70, § 49, p. 80, § 57.

The above excerpt from the Sumner Case was approvingly, but by way of dictum, referred to by our Supreme Court in the case of Southwestern T. & T. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049. Some of the appellate courts in this state have apparently given full effect to the interpretation of said statute indicated in that excerpt, and have accordingly upheld injunctions on such grounds, taking no notice of the existence of adequate legal remedies. Some such cases appear to be Republic Ins. Co. v. O'Donnell Motor Co. (Tex. Civ. App.) 289 S. W. 1064; Florence v. Fikes (Tex. Civ. App.) 48 S.W.(2d) 1047; Mitchell v. Burnett, 57 Tex. Civ. App. 124, 122 S. W. 937; Sullivan v. Dooley, 31 Tex. Civ. App. 589, 73 S. W. 82; Telephone Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049; Allen v. Carpenter (Tex. Civ. App.) 182 S. W. 430; Skipper et al. v. Davis (Tex. Civ. App.) 59 S.W.(2d) 454. Although this line of decisions has apparently adopted the broad views of the statute thus expressed in the Sumner Case, it is doubtful if in any one of these cases, where the petitioner was entitled to relief at all, the record did not warrant the relief granted on the ancient ground of irreparable injury and absence of adequate remedy at law. For instance, let us analyze the authorities relied upon by the appellee and above set out.

In the case of Republic Ins. Co. v. O'Donnell Motor Co. (Tex. Civ. App.) 289 S. W. 1064, it was held that under the statute an injunction would be granted to restrain the prosecution of a suit where the same had theretofore been settled by agreement and passed into a judgment, although such settlement could be set up as an answer to such suit. The holding was apparently based on the provisions of the statute here under consideration. However, in the case of New Amsterdam Casualty Co. v. Harrington (Tex. Civ. App.) 297 S. W. 307, the further prosecution of a suit that had been duly settled was enjoined. It was there held that an injunction would not be granted where an adequate remedy existed at law, since the payment or settlement as alleged was a good plea in bar and could be urged as a defense in the trial of the case.

Florence v. Fikes (Tex. Civ. App.) 48 S.W. (2d) 1047, was a case in which it was sought to enjoin the guardian from removing the estate of the ward from Texas to Illinois at a time when suit was pending to determine whether or not title to some of the ward's estate theretofore conveyed by the guardian failed. Certainly, recovery in such a case would probably be fruitless if the assets of the estate in the meantime were removed from the state. On general principles of equity, it would seem that under proper allegations the removal of such property could and should be enjoined. Further, article 4288 relating to such property would warrant the relief aside from any other claims that could be based on article 4642. So the injunction in that case was warranted by the record for different reasons.

Mitchell v. Burnett, 57 Tex. Civ. App. 124, 122 S. W. 937, although seemingly approving the granting of an injunction on the authority of article 4642 or some provision thereof, did no more, in fact, than to uphold the granting of the same to prevent waste, the destruction of timber on the land, etc., pending the results of a suit in trespass to try title. The opinion cited Green v. Gresham, 21 Tex. Civ. App. 601, 53 S. W. 382, 383, and quoted from it the following: "Besides, to prevent threatened waste, injunction has long been a familiar remedy. See Hammond v. Martin, 15 Tex. Civ. App. 570, 40 S. W. 347."

In Sullivan v. Dooley, 31 Tex. Civ. App. 589, 73 S. W. 82, 84, the Court of Civil Appeals adverted to the statute as authority, and its holding in that decision was undoubtedly correct under the long-established rules of equity. Before calling attention to the case of Sumner v. Crawford and the statute (then article 2989), the plaintiff's or appellant's case was carefully analyzed, and the court used this language: "We conclude that the allegations in the petition to the effect that appellee has filled in the low places in the stream, and is about to construct a levee which will cause the stream to unnaturally overflow the lands of appellant, showed a contemplated invasion of the rights of appellant, and that the petition was good as against a general demurrer."

In that case, the purpose of the injunction was to obtain protection against constant and recurring injuries from the diversion of water. The relief was necessary under the general rules in such cases. A single action at law for damages would have been inadequate to proper relief and, besides, a multiplicity of suits was to be avoided.

In the case of Southwestern Telegraph & Telephone Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049, the injunction sought was against the destruction of shade trees in front of the residence, these being of a peculiar nature, of special value, and irreplaceable. Damages at law were considered uncertain and adequately impossible of ascertainment, thereby warranting injunctive relief; the legal remedy being inadequate. The further language in that opinion approving the dictum in Sumner v. Crawford should not be deemed controlling. That decision is evidently bottomed on the grounds first mentioned.

In Allen v. Carpenter (Tex. Civ. App.) 182 S. W. 430, an appeal was taken from an order overruling a motion to dissolve a writ of injunction prohibiting the seizure and sale of a motorboat under execution based on a judgment against the husband. The wife was the plaintiff in the injunction proceeding, claiming the motorboat as her separate property. The injunction ran against the constable executing the writ, and the owner of the judgment was not made a party to the suit. It was held that, to restrain a constable from selling property under execution to satisfy judgment, the judgment creditor was a necessary party defendant, as the constable was but a ministerial officer acting for the owner of the judgment, who was the only party interested in its collection. Upon this ground the judgment was properly reversed and the cause remanded, with instructions to dismiss, unless the owner of the judgment was made a party, etc. The opinion then proceeded and overruled a further contention by the appellant that an injunction would not lie in view of the fact that Mrs. Carpenter could have resorted to the statutory remedy of trial of right of property to protect her title to the boat levied upon. This was unnecessary to a decision of the case, and is evidently in conflict with the conclusions reached in the instant case.

In the case of Skipper v. Davis (Tex. Civ. App.) 59 S.W.(2d) 454, 455, it is stated in the syllabus the "holder of right to reversion may maintain suit to prevent waste by depletion or destruction of corpus of estate." Under the principles of equity this relief could always be had. However, a writ of error was granted in that case, on what grounds we are uninformed.

■ However, regardless of the construction to be given the opinions thus discussed, we have, after careful consideration and research, reached the conclusions that the statutes of this state specifically provide for such a case as this in the provision of article 7402, which is here set forth: "Whenever a writ of execution, sequestration, attachment or other like writ is levied upon personal property, and such property, or any part thereof, shall be claimed by any person who is not a party to such writ, such person or his agent or attorney may make affidavit that such claim is made in good faith, and present such affidavit to the officer who made such levy."

In the absence of a showing of inadequacy, doubtless other legal remedies by way of suit for damages, sequestration, etc., were available to the plaintiff. Certainly the remedy by trial of right of property was available, and no reason is shown why the plaintiff did not, or should not, appropriate the same. In the absence of such showing, the controlling authorities in this state forbid the resort to the remedy by injunction. Hill v. Brown (Tex. Com. App.) 237 S. W. 252; State v. Houston Nat. Bank (Tex. Civ. App.) 259 S. W. 175 (writ of error refused); Galveston, etc., Ry. Co. v. DeGroff, 102 Tex. 433, 118 S. W. 134, 21 L. R. A. (N. S.) 749; Beer v. Landman, 88 Tex. 450, 31 S. W. 805; Stephens v. T. & P. Ry. Co., 100 Tex. 177, 97 S. W. 309; City of Dallas v. Wright, 120 Tex. 190, 36 S.W.(2d) 973, 77 A. L. R. 709; Svoboda v. Alexander (Tex. Com. App.) 3 S.W.(2d) 423; New Amsterdam Casualty Co. v. Harrington (Tex. Civ. App.) 297 S. W. 307; Jones, Mayor, v. Whitehead (Tex. Civ. App.) 278 S. W. 305; Jowell v. Carnine (Tex. Civ. App.) 20 S.W.(2d) 1087; Malone v. U. S. F. & G. Co. (Tex. Civ. App.) 9 S.W.(2d) 461; Long v. Collins (Tex. Civ. App.) 12 S.W.(2d) 252; Cain v. Truehart (Tex. Civ. App.) 12 S.W.(2d) 239; West Texas, etc., v. Railway Co. (Tex. Civ. App.) 7 S.W.(2d) 597; City Nat. Bank v. Folsom (Tex. Civ. App.) 247 S. W. 591; Lipscomb v. Butler (Tex. Civ. App.) 35 S.W.(2d) 742; Rogers v. Day (Tex. Civ. App.) 20 S.W.(2d) 104; Mills v. Disney (Tex. Civ. App.) 54 S.W.(2d) 596; Jeffers v. Rondeau (Tex. Civ. App.) 1 S.W.(2d) 380; Simms v. Southern Pipe Line Co. (Tex. Civ. App.) 195 S. W. 283; Fritsche v. Niechoy (Tex. Civ. App.) 158 S. W. 791; Gulf, etc., Ry. v. Shields, 56 Tex. Civ. App. 7, 120 S. W. 222; Frazier v. Coleman (Tex. Civ. App.) 111 S. W. 662; Givens v. Delprat, 28 Tex. Civ. App. 363, 67 S. W. 424; Geers v. Scott (Tex. Civ. App.) 33 S. W. 587. See, also, 32 C. J. p. 57, §§ 37, 38. Also note 34 thereunder, with special discussion of the status of the authorities in Texas on the point here under consideration.

In addition, attention is here called to Prof. Charles T. McCormack's discussion of the effect to be given the opinion in Hill v. Brown and its interpretation of the above-quoted pro-

vision of the statute relating to the granting of injunctions. It will be found in 1 Texas Law Review, 43–51. This is an interesting and instructive article on the point here involved, contains much sound reasoning, and authorities there cited and discussed sustain the conclusions we have reached in this case.

Helpful notes on the same point, as well as on the opinion in Hill v. Brown, will be found in 1 Texas Law Review, 303; 2 Texas Law Review, 125; 8 Texas Law Review, 109.

In 24 Tex. Jur. p. 78, § 57, article 4663, R. S. 1925, is set out. It reads: "The principles, practice and procedure governing courts of equity shall govern proceedings in injunctions when the same are not in conflict with the provisions of this title or other law."

Following this, the text states that this statute means, of course, that the fundamental equity rule that injunction is a writ of extraordinary power not to be granted where there is a plain, adequate and speedy remedy at law is recognized in Texas, although the historical reasons for its development do not exist here.

Whatever may be the application of subdivisions 1 and 2 of article 4642, R. S. 1925, or the article as a whole, we think there is nothing in the same that would warrant the plaintiff's resort to injunction in this case, regardless of the legal remedy (article 7402) available and deemed sufficient and effective under the facts disclosed by this record. It is not believed that the Legislature, in the enactment of that statute, ever intended to make available to litigants a choice of remedies. Neither do we think the Legislature intended by such statute to make the remedy by injunction so easily available as to practically bring about government by injunction, a practice contrary to the genius of our state and national government. The statute may cover new grounds, but was evidently not designed to sweep away the time-honored rule for determining the necessity for relief by injunction. The spirit of our government is and should be against the tendency to try out "every conceivable issue upon an application for injunction." To that end, we think, the authorities relied on in this opinion offer a wise restraint. The legal remedy being in all things adequate for the protection of appellee's rights, the appellant's proposition is sustained.

The appellee's contention that the writ of injunction was properly awarded it as a matter of right under and by virtue of the last sentence in article 532, R. S. 1925, is not sustained. The title of that article is "Transfers prohibited," and is as follows: "All transfers of the notes, bonds, bills of exchange or other evidence of debt owing to any bank or bank and trust company organized under this title, or of deposits to its credit, all assignments of mortgages, securities on real estate or of judgment or decrees in its favor, all deposits of money, bullion or other valuable thing for its use, or for the use of any of its shareholders or creditors, and all payments of money to it made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this title, or with a view to the preference of one creditor to another, shall be null and void. No attachment, injunction or execution shall be issued against such bank or its property before final judgment in any suit, action or proceedings in any court."

That article simply forbids the transfer of notes, bonds, and other assets of a state bank "after the commission of an act of insolvency, or in contemplation thereof," and when "made with a view to prevent the application of its assets in the manner prescribed by this title, or with a view to the preference of one creditor to another." The last sentence of the above article declares that certain writs shall not issue against "such bank" before final judgment, etc. Whatever the meaning and function of the above article as a whole, the plaintiff bank in this case is and was in no sense "such bank" as is necessarily contemplated by said statute, which in all its parts is designed to prevent the fixing or obtaining of preferences by creditors either by processes of law, or voluntary transfers under the conditions named. That statute has no application to the facts of this case, but pertains to state banks in a state of insolvency, or the contemplation thereof. The plaintiff bank does not qualify under the statute.

For the reasons assigned, the temporary injunction is dissolved.

FUNDERBURK, Justice.

I concur in the judgment dissolving the injunction, but I am not in accord with the views expressed in the opinion. The opinion of the court will be interpreted as holding that no injunction which for authority of law is dependent upon subdivisions 1 or 2 of R. S. 1925, art. 4642, can be lawfully granted where there exists any other adequate remedy at law. I do not believe that such is a proper interpretation of said statute. The opinion sanctions a proposition which occurs to me to be sound, viz., that statutory authority for an

injunction which is not in terms made subject to the condition that there shall exist no adequate remedy at law is not so conditioned, and the right to such injunction is not dependent upon the nonexistence of an adequate remedy at law. When said article 4642 was first enacted, it was R. S. 1879, art. 2873. It then consisted in slightly different form of present subdivisions 1, 2, and 3. Subdivision 4 was added subsequently. As it was first enacted, the first three subdivisions read as follows: "1. Where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant. 2. Where, pending litigation, it shall be made to appear that a party is doing some act respecting the subject of litigation, or threatens, or is about to do some act, or is procuring or suffering the same to be done in violation of the rights of the applicant, which act would tend to render judgment ineffectual. 3. *In all other cases* (italics ours) where the applicant for such writ may show himself entitled thereto under the principles of equity."

It is apparent that subdivision 1, although not in identical words as at present, has not in legal effect been changed. Subdivision 2 has not in legal effect, perhaps, been changed, *although it is more clearly apparent that the* original enactment only authorized a restraining injunction. Present subdivision 3 is just as comprehensive as when first enacted, and more so. There is the certain addition as follows: "And the provisions of the statutes of this State relating to the granting of injunctions." There is this other change in subdivision 3, viz., that the cases in which injunctions may be issued under authority of subdivision 3, as first enacted, are *"other cases"* than those in which injunctions were authorized to be issued under authority of subdivisions 1 or 2 as originally enacted. It thus appears from the very wording of the statute itself as originally enacted that the authority to issue injunctions given by subdivisions 1 and 2 was independent of, and therefore additional to, that given by subdivision 3. But subdivision 3 embraced all the powers in that respect which courts possessed prior to the enactment of the statute. What right then could have been intended to be given by subdivisions 1 or 2 which would be additional to, and independent of, those provided for in subdivision 3? None that I can conceive, except that as to cases coming within their provisions it was unnecessary that there be absent an adequate remedy at law. I fully recognize that a legislative act may be mere-

ly declaratory of the pre-existing law. A statute should not be so interpreted, however, unless it is required. The presumption ought to obtain that the Legislature did not intend to do a useless thing. Such a construction of an act would be wholly unwarranted, I think, where the act iself clearly evidences a contrary intent. Such contrary intent is as clearly shown in R. S. 1879, art. 2873, as if it had in plain words so stated. Why should the Legislature have embodied all the pre-existing law in subdivision 3 and by its language show that such powers were in addition to those provided in subdivisions 1 and 2? The subsequent amendments do not, I think, manifest that clear intent to make a change in the statute originally enacted as would be necessary to warrant such a construction.

The more difficult problem, as I see it, is to rightly interpret subdivision 1. To interpret it as being as comprehensive in its grant of authority to issue injunctions as subdivisions 2, 3, and 4 all together would be absurd. It would also be contrary to its express terms. By its own terms it could never apply so as to authorize a mandatory injunction. This alone answers any argument which could be made to the effect that it is as broad as subdivision 3 or as the powers that existed prior to the enactment of the statute. Subdivision 1 by its express language only applies so as to authorize an injunction to *restrain* some act. The prescribed requisites may be enumerated as follows: (1) The applicant must be demanding some relief. (2) He must be entitled to the relief demanded. (3) The relief demanded, or same part thereof, must require the restraint of some act. (4) The act sought to be restrained must be one prejudicial to plaintiff in obtaining the relief demanded. To hold that, if and when these facts are present, a party is not entitled to an injunction, unless he plead and prove that there exists no other adequate remedy, is, in my opinion, to read something into the law which the whole article of which subdivision 1 is a part has plainly excluded. In addition to the limitation above stated, upon the operation of subdivision 1, is another which is just as true a limitation, but the fact does not so clearly appear from the reading of the provision itself; that is, that subdivision 1 can only apply to a temporary injunction. The reason for this view will appear later.

Now, let us ask what is meant by "the relief demanded." *Not relief by injunction.* Most certainly, at least, not relief by the injunction claimed to be authorized by subdivision 1. The relief demanded may be that sought by a simple suit at law. It may be

relief by. injunction; that is, an injunction suit brought most likely under authority of subdivision 3. The relief, unless clearly authorized by subdivisions 2 or 4, could only be such relief as may be.granted only where there exists no adequate remedy at law. In other words, the relief demanded must be such relief as may be granted at the end of the suit without any reference to plaintiff's right given by subdivision 1 to restrain some prejudicial act in reference to the relief sought.

What is meant by the requirement that the relief demanded must be such that the applicant is entitled to it? The purpose of the suit is to have an adjudication that plaintiff is entitled to it. The requirement necessarily means, I think, that the facts claimed by the applicant to entitle him to the relief demanded must be such that, if established according to his contention, would, as a matter of law, entitle him to the relief sought. If plaintiff's petition averred facts which, if true, entitled him to relief, and if, in addition thereto, it was shown that some party to the suit was doing or threatening some act which, if not restrained, would render the relief ineffectual, his right to an injunction restraining the prejudicial act would be shown prima facie. If the defendant appealed without making a motion to vacate the injunction, in testing the authority of the court or judge to restrain the act, the facts alleged in plaintiff's petition would be taken to be true. If the court or judge declined to issue the injunction without a hearing, the plaintiff would be under the burden of proving the facts to show he was entitled to the relief demanded, as well as to show that such relief required the restraint of some prejudicial act. If the injunction were granted without hearing, and defendant, upon a motion to vacate, proved the nonexistence of any material fact necessary to show a cause of action, or, of course, lack of prejudicial act, etc., the injunction would be dissolved. According to this interpretation of subdivision 1, its general purpose is the same as subdivision 2. I can think of but two differences between them. The right to injunction given by subdivision 1 is available contemporaneously with the filing of the suit, and at no other time. That under subdivision 2 is available only when there is a pending suit. Under subdivision 1, plaintiff must, in addition to the facts which he may claim to constitute an act prejudicial to him, also prove the facts to show that he is entitled to the relief demanded. This, as said before, he may do prima facie by the sworn

allegations of his petition. As to subdivision 2, I am of the opinion that "pending litigation" does not necessarily include the presence of a pleading good against general demurrer. In such case, the actual pendency of a suit instituted without any claim, at the time, to injunctive relief, would be the legal equivalent of the pleading and proof of facts to show a cause of action necessary under subdivision 1. The right to injunctive relief would not be dependent upon whether plaintiff's pleading seeking the relief to which the injunction was merely incidental was in all things sufficient to state a cause of action. Wright v. Wright, 3 Tex. 168; Dakan v. Dakan (Tex. Civ. App.) 53 S.W.(2d) 682. The Legislature evidently deemed the actual pendency of such a suit as sufficient warrant of good faith to entitle the litigant to an injunction to restrain such acts as he could show would tend to render the judgment sought ineffectual.

The ground of my concurrence in the judgment in this case is that, as I see it, plaintiff did not show by the facts alleged in its petition that it was entitled to the relief demanded. A fair construction of plaintiff's pleading is that it alleged that it had the title to, and possession of, the cotton at the time the suit was brought, and the only relief demanded, other than the injunction itself, was to have a judgment confirming and quieting such title and right of possession as against the claims of the defendants. It was in effect a suit to quiet title to personal property, the possession of which was at the time in the plaintiff under a claim of ownership. No such right of action exists. A right of action to remove cloud from title or to quiet title is limited to the title and possession of land.

If by any liberality of construction "the relief demanded" could be construed to be the recovery of the possession of the cotton from the defendants, then no facts were alleged to show that plaintiff was entitled to the relief claimed, in that the petition failed clearly and certainly to allege that possession was in the defendants. To be entitled to that relief, the fact was essential that defendants had the possession and the plaintiff did not. Plaintiff alleged "that on the 21st day of November, 1933, and *at all times since* plaintiff herein was the owner and *in possession* of said cotton * * * that * * * West Texas Utilities Company caused * * * Burl Wheeler, Sheriff, as aforesaid, to levy upon" said property " * * * that the defendant Sam Swann * * * is * * * claiming some interest in said cotton, but that in fact said defend-

ant has no interest in said cotton in any capacity." (Italics ours.) A part of the prayer for the injunction was that it be issued "enjoining and preventing each and all of the defendants herein from *molesting* or removing said cotton out of the County and *from in any wise disturbing plaintiff's possession thereof.*" (Italics ours.) The prayer for relief on final hearing was "that further upon a final hearing hereof · plaintiff have judgment against *each and all of the defendants confirming and quieting its title to the above described cotton, free and clear from any and all claims, liens or demands on the part of defendants, or any of them.*" (Italics ours.) The petition begins by averring that plaintiff at all times has had possession of the cotton. The prayer is to restrain the defendant from disturbing plaintiff's possession, wholly inconsistent with the possession being then in the defendant. The prayer for final relief, viz., "confirming and quieting its title to the cotton," was wholly inconsistent with the theory that plaintiff was seeking to recover a lost possession. True, it was alleged that the execution had been levied upon the cotton by the sheriff. Is that the equivalent of a positive averment that the sheriff had taken the possession of the cotton away from the plaintiff? I do not think so. But, if so, then the fact of possession was not certainly averred, since a material fact both affirmed and denied not in the alternative amounts to no averment of the fact. In such case there is no pleading sufficient to support proof of the fact. That a pleading is insufficient to state a cause of action where the averment of material facts is contradicted by other allegations in the same plea or count is an elementary principle of law. Townes, Texas Pleading, p. 425; Hillebrant v. Booth, 7 Tex. 499; Steinback v. City of Galveston (Tex. Civ. App.) 41 S. W. 822; Barry v. Screwmen's Benevolent Ass'n, 67 Tex. 250, 3 S. W. 261; Kynerd v. Security Nat. Bank (Tex. Civ. App.) 207 S. W. 133; Rowe v. Horton, 65 Tex. 89. Had the petition certainly averred that the defendants had taken possession of the cotton from plaintiff, and the pleading otherwise certainly asserted a good cause of action for the recovery of such possession, I am of the opinion that plaintiff did allege sufficient facts to show a threatened act prejudicial to the plaintiff, and the restraint of which was required, viz., the threatened act of selling the cotton before the issues tendered by the suit could be tried. The remedy of trial of the right of property was one as between which and his remedy by direct suit to recover possession of the cotton he had an election. Having elected to sue for possession if, just because the other alternative remedy was available, he could not have an act restrained which would make that remedy futile, it would in effect be a denial that he ever had any real right to the election of remedies. I do not believe that any decision will be found in conflict with the views above expressed. The confusion has resulted mainly from repeated attempts to accomplish the ultimate purpose of a lawsuit by means of injunction. The statute relating to injunctions no more authorizes that than did the rules and principles of equity prior to the enactment of the statute.

If the majority opinion is correct, then if A, the owner of a building, brings suit to recover possession thereof against the tenant, who refuses at the end of his term to yield possession, and who has hired contractors and proposes to so change the building as to materially impair its value, he cannot have such act restrained by injunction pending the suit because R. S. 1925, art. 6840, gives him a full and adequate remedy at law by sequestration. I do not believe that the right to injunctive relief in such a case is so restricted.