TEXAS NATIONAL BANK, ODESSA, TEXAS, Appellant,

v.

Lindle DEMPSEY, Appellee.

No. 08–83–00323–CV.

Court of Appeals of Texas, El Paso.

Aug. 1, 1984.

Randal Patterson, Hollmann & Lyon, Inc., Odessa, for appellant.

Lawrence L. Barber, Jr., Odessa, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from an order arising out of a show cause hearing, ordering the Appellant bank to turn over the possession and title of one Cadillac automobile to the Plaintiff/Appellee. We reverse and remand.

Speaking of the parties as they appeared in the trial court, Plaintiff filed his petition alleging that he had purchased from a deal-er the automobile involved, paying the sum of $20,200.00, the same being the proceeds of two cars he owned which were sold by the dealer for him. The purchase was in February, 1983, and in the months that followed he never received a certificate of title to the automobile and his inquiries to the dealer were of no avail. He received information that the Defendant bank claimed some interest in the automobile and at their request he turned it over to them in June, 1983. The car was sold at public auction on August 1. On August 5, Plaintiff filed this suit, seeking its recovery or payment of the purchase price of $20,-200.00. Exemplary damages were also sought. Following the filing of the petition, the court issued a show cause order for the Defendant bank to appear and show cause why it should not return the automobile or pay $20,200.00 to the Plaintiff. The Defendant filed a general denial and posted its request for a jury trial. The show cause order was issued on August 10, and the hearing held on August 29, 1983. At the hearing, before the court without a jury, two witnesses appeared, the Plaintiff who testified to the facts in keeping with his petition, and an officer of the bank who testified that the bank held a security interest on the car under a floor plan arrangement with the dealer and that the automobile was sold at public auction on August 1, 1983, prior to the filing of Plaintiff's suit. At the conclusion of the hearing, the court announced that it found for the Plaintiff and the order which is here appealed from was entered.

The real question presented here is the nature of the hearing and the resulting judgment. The Defendant/Appellant presents all of its points of error directed at a temporary injunction. Yet the order does not say it is a temporary injunction. The Plaintiff did not specifically request a temporary injunction and the order appealed from does not have the requirements pertaining to writs of injunction under Rule 687, Texas Rules of Civil Procedure. No writ of injunction was ordered and none appears in the record as having issued.

The statement of facts sheds no light on the question because the court simply called the case by number, each party announced ready, evidence was presented and the judgment announced. If in fact, it is a temporary injunction then the Defendant/Appellant's points of error are good. The court made some alterations in the typewritten form of judgment presented to it. The heading of "ORDER" was struck out and "MANDATORY INJUNCTION" written in by the court. Also, in the recitation that the above entitled and numbered cause came on for final hearing, "final" was struck out and the court inserted following "hearing", "Plaintiff's request for a show cause." In the body of the order, it recited that the Plaintiff was entitled to the "relief" he seeks against the Defendant. The court struck the word "relief" and wrote in "injunction." We conclude that the Appellant is entitled to treat the order as a temporary mandatory injunction. Rule 419, Tex.R.Civ.P. provides that any statement made by Appellant in his original brief as to the facts or the record may be accepted by the Court as correct unless challenged by the opposing party. Appellee, in this case, has filed no brief and made no appearance for oral argument. As indicated, Appellant treats the hearing and order as one for temporary injunction and under the rule we may accept that unchallenged construction of the proceedings. Also, the only citation in this case was the show cause order, and the trial of a petition for permanent injunction requires a citation to be served and returned as ordinary citations. *Long v. State*, 423 S.W.2d 604 (Tex. Civ.App.—Houston [14th Dist.] 1968 writ ref'd n.r.e.). Having determined that the order is one for a temporary mandatory injunction, we find that the court abused its discretion in several respects and the judgment must be reversed and remanded for trial. By Point of Error No. One, the Defendant/Appellant asserts that there was no bond filed as required by Rule 684 for temporary injunction to issue. The provisions of that rule are mandatory and an order of injunction issued without a bond is void. *Ex parte Lesher*, 651 S.W.2d 734 (Tex.1983). By Point of Error No. Two, Appellant correctly contends that the injunction is in violation of Rule 683 which requires that every order granting an injunction and every restraining order shall set forth the reasons for its issuance. The order must be reversed for that reason. *University Interscholastic League v. Torres*, 616 S.W.2d 355 (Tex.Civ.App.—San Antonio 1981, no writ). Reversal is also mandated because the order granted the title and possession of the automobile to the Plaintiff and an injunction is not the proper remedy to try title or right of possession of property. *State v. Houston National Bank*, 259 S.W. 175 (Tex.Civ.App.—Galveston 1924, writ ref'd). Reversal is also mandated because the Plaintiff was granted all the relief to which he would be entitled on a final hearing. *Ledel v. Bill Hames Shows, Inc.*, 367 S.W.2d 182 (Tex. Civ.App.—Fort Worth 1963, no writ).

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for trial on the merits.