## J. J. MITCHELL v. S. B. BURNETT.

### Decided October 16, 1909.

**1.—Injunction—Waste.**

The fact that plaintiff in trespass to try title had a legal remedy by sequestration to prevent the defendant from removing timber from the land in controversy, was not a sufficient reason why a writ of injunction should not issue to prevent such waste.

**2.—Same—Pleading.**

In the absence of a special exception an allegation that defendant was about to enter upon and remove the timber from "the three hundred acres off the eastern portion of the land in controversy," was a sufficient description of the land upon which defendant threatened to commit waste.

**3.—Same—Same—Irreparable Injury.**

When the facts alleged are sufficient to warrant the issuance of an injunction, it is not necessary that the plea should allege that the threatened wrongs would result in irreparable injury to him and that he has no legal remedy.

Appeal from the District Court of King County. Tried below before Hon. Jo A. P. Dickson.

*Coombes, Milwee & Coombes,* for appellant.

*Smith, Turner, Bradley & Powell,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—This is an appeal by J. J. Mitchell from an order of the judge of the District Court of King County granting a temporary writ of injunction in favor of S. B. Burnett, plaintiff in the suit, restraining J. J. Mitchell, the defendant, from enclosing certain lands which plaintiff alleged he owned in fee simple, and also from removing timber therefrom. The suit was for trespass to try title in the usual form for five sections of land, and plaintiff further alleged in his petition that defendant was removing timber from about three hundred acres off the eastern portion of those sections and would continue to do so if not restrained from so doing.

By his first assignment appellant insists that plaintiff had an adequate remedy at law in the provisions of article 4864, Rev. Stats., for

the issuance of writs of sequestration, and for that reason he contends that the writ of injunction was improperly issued. In support of this contention the case of Frazier v. Coleman, 111 S. W., 663, is cited; but the assignment must be overruled upon the following authorities: Sumner v. Crawford, 91 Texas, 129; Green v. Gresham, 21 Texas Civ. App., 601; Sullivan v. Dooley, 31 Texas Civ. App., 589; Chauncey v. Allison, 48 Texas Civ. App., 441; Buchanan v. Wilburn, 105 S. W., 841.

In the case of Sumner v. Crawford above cited our Supreme Court sustained an injunction upon the ground that the applicant had no other adequate remedy, but quoted subdivision 1 of article 2989, authorizing the issuance of writs of injunction "where it shall appear that the party applying for such a writ is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act prejudicial to the applicant," and expressed a strong inclination to hold that the right to an injunction given by that subdivision of the article was a legal right, although there might be some other adequate legal remedy for the wrong complained of.

In the case of Green v. Gresham, 21 Texas Civ. App., 601, an injunction of the same character as the one now under discussion, issued upon similar grounds, was sustained, and Justice Stephens, in discussing the question, used the following language: "Besides, to prevent threatened waste, injunction has long been a familiar remedy. See Hammond v. Martin, 15 Texas Civ. App., 570."

Appellant further complains that the petition for injunction was too vague and indefinite to authorize the issuance of the writ, in that the three hundred acres of land which it was alleged defendant was about to invade was not definitely described. As above noted, the three hundred acres was described as being off the eastern portion of the five surveys which were definitely described. In the absence of a special exception to the petition raising this objection, we think the description was sufficient and the assignment is overruled.

Appellant further insists that plaintiff's petition for injunction was insufficient in that it contained no allegation that the threatened wrongs of defendant would result in an irreparable injury to the petitioner, and that he had no legal remedy therefor. It would be a sufficient answer to this assignment to say, as of the last preceding one, that no special exception was urged to the petition, in the absence of which the allegation was sufficient. Furthermore, facts were alleged which warranted the conclusion by the judge ordering the writ that plaintiff was entitled to the relief prayed for, and we do not think an allegation by the pleader of that conclusion would in any manner have strengthened the petition.

What we have already said is sufficient to dispose of all other assignments adversely to appellant. The order directing the issuance of the writ of injunction is therefore affirmed.

*Affirmed.*