BIRCHFIELD et al. v. BOURLAND.
(No. 8526.)

(Court of Civil Appeals of Texas. Ft. Worth. April 29, 1916. On Application for Writ of Prohibition, May 20, 1916.)

1. APPEAL AND ERROR ⟨⟩874(2) — REVIEW — INJUNCTION.

Since an order refusing to dissolve a temporary injunction is not appealable, no proceedings on the hearing at which such order was made can be considered on appeal from the order granting the injunction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3533; Dec. Dig. ⟨⟩874(2).]

2. APPEAL AND ERROR ⟨⟩837(3) — REVIEW — INJUNCTION—RECORD.

An appeal from an order granting a temporary writ of injunction will be determined upon the allegations of the petition, in the absence of any denial thereof at the time of granting the writ.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3263; Dec. Dig. ⟨⟩837(3).]

3. INJUNCTION ⟨⟩118(3)—PETITION—IRREPARABLE INJURY—SUFFICIENCY.

Allegations of threatened ouster from a farm and destruction of growing crops *held* sufficient allegations of irreparable injury to authorize a temporary injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 235; Dec. Dig. ⟨⟩118(3).]

4. INJUNCTION ⟨⟩14—GROUNDS—"IRREPARABLE INJURY."

An "irreparable injury" is one which cannot be fully compensated in damages or cannot be measured by any certain pecuniary standard.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 14; Dec. Dig. ⟨⟩14.

For other definitions, see Words and Phrases, First and Second Series, Irreparable Injury.]

5. INJUNCTION ⟨⟩1 — STATUTORY REMEDY — RULES OF PRACTICE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, authorizing a writ of injunction where it appears that applicant is entitled to relief which requires the restraint of some prejudicial act, the right to injunction is not confined to rules of equity jurisprudence.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 1; Dec. Dig. ⟨⟩1.]

6. INJUNCTION ⟨⟩118(1) — PETITION — SUFFICIENCY.

In a petition for injunction, the averments of material and essential elements must be sufficiently certain to negative every reasonable inference of the existence of facts under which petitioner would not be entitled to relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–232, 234; Dec. Dig. ⟨⟩118(1).]

7. INJUNCTION ⟨⟩118(1) — PETITION — SUFFICIENCY.

In petition for injunction, allegations that plaintiff was lawfully in possession of land, and that defendants unlawfully entered and forcibly ejected him therefrom, are mere conclusions of law and insufficient to authorize injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–232, 234; Dec. Dig. ⟨⟩118(1).]

8. INJUNCTION ⟨⟩118(2) — PETITION — SUFFICIENCY—CONSTRUCTION.

A petition for injunction, alleging that plaintiff's lessor was formerly the owner in fee simple for the year 1916, must be construed as implying that he was not the owner of the land

and had no legal right to lease to plaintiff, and is therefore insufficient to sustain a writ of injunction restraining the ejectment of plaintiff.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 233; Dec. Dig. ⟨⟩118(2).]

9. LANDLORD AND TENANT ⟨⟩75(3)—SUBLETTING PREMISES—CONSENT OF LANDLORD.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5489, a tenant has no right to sublet premises without the consent of his landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 229; Dec. Dig. ⟨⟩75(3).]

On Application for Writ of Prohibition.

10. APPEAL AND ERROR ⟨⟩420—REVIEW—INJUNCTION—NOTICE OF APPEAL.

Though the notice of appeal recited that appeal was taken from an order dissolving an injunction, but both parties on hearing treated the appeal as from original order granting injunction, the appellate court had jurisdiction to review such original order; no notice of appeal, as required by Rev. St. 1911, art. 2084, in ordinary cases, being necessary in appeals in injunction suits under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4643, 4644.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2147; Dec. Dig. ⟨⟩420.]

11. APPEAL AND ERROR ⟨⟩384(1)—REVIEW—APPEAL BOND—CLERICAL DEFECT.

Clerical defects in an appeal bond in reciting the number of the judicial district of a county named in which the action is pending do not deprive the appellate court of jurisdiction to hear the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2049, 2056; Dec. Dig. ⟨⟩384(1).]

12. PROHIBITION ⟨⟩5(3) — ACTS PROHIBITED—INJUNCTION—SECOND WRIT.

A writ of prohibition will issue to a lower court to prevent a second writ of injunction on a petition alleging only such facts as were averred or should have been averred on the first application.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 24–29; Dec. Dig. ⟨⟩5(3).]

13. INJUNCTION ⟨⟩8—SECOND INJUNCTION—GROUNDS.

Where an injunction has been dissolved, complainant by amendment or by supplemental bill may procure a second injunction, but not upon grounds set up in the first bill or which should have been set up therein.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 7; Dec. Dig. ⟨⟩8.]

14. APPEAL AND ERROR ⟨⟩436 — EFFECT OF APPEAL—POWER OF LOWER COURT.

An appeal or writ of error clothes the appellate court with exclusive jurisdiction of the case, and the lower court has no authority to make any orders in reference thereto excepting such as may be necessary to protect the subject of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2191, 2192; Dec. Dig. ⟨⟩436.]

15. COURTS ⟨⟩207(1)—JURISDICTION ON APPEAL—ENFORCEMENT.

An appellate court to protect its jurisdiction and enforce its mandates may resort to mandamus, prohibition, or any other appropriate writ.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⟨⟩207(1).]

Appeal from District Court, Tarrant County; J. W. Swayne, Judge.

Suit by John Bourland against G. W. Birchfield and another. From an order

granting a temporary injunction, defendants appeal. Reversed, and injunction dissolved.

After reversal, plaintiff presented an amended petition to the district judge, who again ordered a writ of injunction, which was issued, and defendants apply for a writ of prohibition against plaintiff and the judge of the district court to restrain further action until the original action can be heard on its merits. Writ granted, and second writ of injunction dissolved.

Robert G. Johnson, and Wade & Smith, all of Ft. Worth, for appellants. Cummings & Whiteside, of Ft. Worth, for appellee.

DUNKLIN, J. John Bourland instituted this suit aginst G. W. Birchfield and Terry Allen to restrain the defendants from molesting plaintiff in his possession of a certain farm consisting of 120 acres, and for a mandatory injunction directing and commanding the defendants to deliver to plaintiff the possession of same. A temporary writ of injunction granting the relief prayed for was issued by the trial judge upon an ex parte hearing of said petition, and from that order the defendants have appealed.

Plaintiff alleged in his petition that he leased the farm for the year 1916 from J. A. Younce, paying a cash consideration therefor of $100; that the lease was in writing and duly recorded; that immediately thereafter he went into the possession of the farm and planted about 70 acres in corn and moved his household goods upon the premises and held possession from March 20, 1916, to April 4, 1916, when the defendants unlawfully and forcibly ousted plaintiff of possession; that at the time he was so ousted plaintiff was arranging to move his cattle upon the farm and to cultivate, use, and enjoy the same for the year 1916. As a further ground for the issuance of the temporary writ of injunction, it was alleged that during the pendency of the suit plaintiff's crop which had already been planted would go to waste, and his crop for the year would be lost, and he would thereby suffer irreparable injury, unless the defendants were restrained from molesting plaintiff in his possession and he be permitted to continue in possession of the farm for the purpose of cultivating it. It was further alleged in the petition that the farm was "formerly owned by J. A. Younce; * * * that plaintiff leased the same from the said J. A. Younce, who was the owner in fee-simple title for the year A. D. 1916."

We find in the record an answer filed to plaintiff's petition after the temporary writ was granted, also a motion to dissolve the writ, together with a statement of facts showing the evidence introduced on the hearing of that motion, and the order of the trial judge overruling that motion, all of which proceedings were had some days after the granting of the temporary writ. We also find in the record an agreement by counsel for all parties, approved by the trial judge, in effect, that the hearing by the court of defendant's motion to dissolve might be considered by this court as if it were a hearing for the purpose of determining whether or not the temporary writ of injunction should issue in the first instance.

[1, 2] The statute does not permit an appeal from an order refusing to dissolve a temporary writ of injunction, and as the present appeal is not from that order, but from the order granting the writ, none of the proceedings had subsequent to the granting of the writ can be considered by us, notwithstanding the agreement of counsel referred to, and the merits of this appeal will be determined upon the allegations of the petition, which, in the absence of any denial thereof at the time the writ was granted, must be taken as true. Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 45.

[3] We are of the opinion that the allegations referred to above to show irreparable injury were sufficient for that purpose. In the case of Green v. Gresham, 21 Tex. Civ. App. 601, 53 S. W. 382, this court, through Justice Stephens, said:

"Besides, to prevent threatened waste injunction has long been a familiar remedy. See Hammond v. Martin, 15 Tex. Civ. App. 570, 40 S. W. 347."

[4] In 22 Cyc. p. 813, the following is said:

"Where the injury is of such a nature that it cannot be fully compensated in damages, or cannot be measured by any certain pecuniary standard, it is irreparable, and the trespass may be enjoined."

[5] By article 4643, 3 Vernon's Sayles' Texas Civil Statutes, it is provided that a writ of injunction may issue:

"(1) Where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant."

And it has been held by numerous decisions of this state that by virtue of that statute the right to an injunction is not confined to the rules obtaining in equity jurisprudence. Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 45; Mitchell v. Burnett, 57 Tex. Civ. App. 124, 122 S. W. 937.

[6] In Gillis v. Rosenheimer, 64 Tex. 246, our Supreme Court said:

"The rule is correctly stated in Harrison v. Crumb, 1 White & W. Civ. Cas. Ct. App. § 992, as follows: 'The rule of pleading, that the statements of a party are to be taken most strongly against himself, is re-enforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief.' See Carter v. Griffin, 32 Tex. 212; Martin v. Sykes, 25 Tex. Supp. 197; Forbes v. Hill, Dallam, Dig. 486; Ballard v. Rogers, Dallam, Dig. 460; Smith v. Frederick, 32 Tex. 256."

[7] Allegations contained in plaintiff's petition, such as that he was lawfully in possession of the farm, and that the defendants unlawfully entered into and forcibly ejected him therefrom, are mere conclusions of law, and entirely too general of themselves to show a right to the relief prayed for. Holbein v. De La Garza, supra.

[8] The allegation that J. A. Younce was formerly the owner of the farm implies that he did not own the title thereto, at the time of the lease to plaintiff, and the inference must be indulged that he was not such owner. The further allegation that J. A. Younce "was the owner in fee-simple title for the year A. D. 1916" also implies that title to the property was not vested in Younce, for the ownership of land for one year only is wholly inconsistent with any conception of fee-simple title.

[9] Applying the rule of construction laid down by our Supreme Court and noted above, the allegations in the plaintiff's petition must be construed as implying that Younce did not own title to the property at the time he leased it to the plaintiff. If he was not the owner of the title, then he was either a trespasser or a tenant. If he was a trespasser, clearly he had no right to lease the property to the plaintiff. If he was a tenant, and in the lawful possession of the farm, as alleged, then he had no legal right to sublet the same to the plaintiff without the consent of the landlord, and, in the absence of some allegation of such consent from the landlord, the petition shows no right in plaintiff as a subtenant. Vernon's Sayles' Texas Civil Statutes, art. 5489. The petition contains no showing in whom the fee-simple title is vested, but it does contain allegations that defendants are each claiming some interest in the property, and there are no allegations that the fee-simple title is not vested in them.

For the reasons indicated, we are of the opinion that the petition was insufficient to warrant the issuance of the temporary writ, and for that reason the order granting the writ is reversed, the writ dissolved, without prejudice to plaintiff's right to a trial upon the merits, and this order will be certified to the trial court for observance.

## On Application for Writ of Prohibition.

CONNER, C. J. On April 4, 1916, the appellee instituted this suit against appellants G. W. Birchfield and Terry Allen to recover possession of 120 acres of land described in the petition, and from which it was alleged he had been ejected by force, and he prayed for a mandatory injunction commanding the defendants to forthwith deliver to the plaintiff possession of the land. On the same day the petition was presented to the Honorable Jas. W. Swayne, judge of the Seventeenth judicial district of Tarrant county, who without notice or hearing, and upon the allega-

tions of the petition alone, ordered the issuance of a writ of mandatory injunction as prayed for. It further appears that the defendants Birchfield and Allen on the 5th day of April, 1916, filed an answer, among other things denying the facts as alleged in plaintiff's petition, and praying for a dissolution of the injunction that had been in the meantime issued. Upon this motion for a dissolution, testimony was heard, and it was agreed, in substance, by counsel for all of the parties, which agreement was approved by the trial judge, that the evidence on hearing before the judge of the defendant's motion to dissolve might be considered by this court as if the hearing had been for the purpose of determining whether or not the issuance of the original order for the writ of injunction was authorized.

Upon an appeal from the original order, it was held by us, as will be seen from the opinion written by Mr. Justice Dunklin, 187 S. W. 423, on April 29, 1916, not yet officially published, that we could not consider the proceedings upon the motion to dissolve in aid of the averments of the original petition, and further concluded that the allegations of the original petition were insufficient to authorize the issuance of the mandatory writ, as ordered by the judge on said 4th day of April, 1916, and, accordingly, ordered its dissolution.

It was made to further appear in the application now before us that without any motion for a rehearing in this court on the part of the appellee Bourland, and without the issuance of a mandate, the said Bourland prepared an amended petition and presented the same on, to wit, the 1st day of May, A. D. 1916, to the district judge before named, who again, without notice and without a hearing of any kind, ordered the issuance of a writ of injunction as prayed for in the amended petition, restraining and prohibiting the defendants Birchfield and Allen from in any manner dispossessing the plaintiff during the pendency of the suit, and directing said defendants to restore possession of the premises to the plaintiff, etc. A second writ of injunction was forthwith issued in accordance with the order made upon the amended petition, and the defendants Birchfield and Allen presented to this court, on, to wit, May 4, 1916, an application for the issuance of a writ of prohibition, or such other writ as may be appropriate, commanding the said John Bourland and the said Hon. Jas. W. Swayne, as judge of the district court, and all others from further disturbing the possession of appellants Birchfield and Allen to the land described in appellee's original petition, and from otherwise disturbing them, until such time as the original action can be heard upon its merits. We ordered the filing of the application and the issuance of notice to the appellee and to the said judge to appear before us on May 12th, and show cause, if any there was, why the

writ of prohibition should not issue as prayed for. At the time and place designated, all parties appeared, and the matters involved were duly submitted, and the application was on, to wit, May 13, 1916, granted, and we now present and order filed our reasons for the order last made.

[10] The appellee Bourland insisted that we "are wholly and entirely without jurisdiction" to grant the relief now sought, for the reason that the appeal to this court hereinbefore mentioned was from the order of the court dissolving the injunction, and not from the original order granting the prayer of the petition. This contention is based upon the fact that the transcript contains a minute entry of the notice of appeal given at the time of the hearing on the motion to dissolve, and which notice on its face purports to be from the order of dissolution. But it is manifest from a consideration of the record as a whole that the appeal was not from the refusal of the court to dissolve, for in that connection the parties formally agreed, as before stated, that the proceedings upon that hearing should be considered in aid of the original petition, and all parties on said original hearing before this court treated the appeal as from the original order. It was further contended in effect that, if the appeal is to be considered as from the original order of the judge, then this court was without jurisdiction for the want of a notice of appeal; it being apparent that the notice appearing in the transcript was from the order of the court refusing to dissolve the original injunction. There is nothing in this contention, however; for, as will be seen by reference to the statutes relating to the subject, writs of injunction may in a proper case be issued by a district or county court "either in term time or in vacation." See Vernon's Sayles' Texas Civil Statutes, art. 4643. And an appeal may be prosecuted from such orders upon the execution of the necessary bond provided the transcript shall be filed with the clerk of the Court of Civil Appeals not later than 15 days after the entry of record of the order of judgment granting, refusing, or dissolving the writ. See article 4644. In none of the provisions relating to the particular subject is a notice of appeal prescribed, and in many instances it is evident that a notice of appeal "in open court," as required by article 2084 of the Revised Statutes, and generally applicable, could not be given; for instances are easily conceivable where the order granting the writ was made by the judge in chambers or vacation, and where a regular term of the court would not convene until after the expiration of the 15 days within which the statute provides that the appeal from the order must be prosecuted. Moreover, it has been expressly held that no notice of appeal is required in such cases, and we approve the holding. See Young v. Dudney, 140 S. W. 802, and authorities therein cited.

[11] It was further insisted that we were without jurisdiction, in that the appeal bond executed on the appeal from the original order recites that the cause was "pending in the Forty-Eighth district court of Tarrant county" instead of in the Seventeenth judicial district. It is evident however, that the recitation quoted is a mere clerical error, for the bond is properly entitled and numbered, and specfically refers to and is made payable to the proper parties, and further recites that the appeal is taken from the said order of the "4th day of April" granting the writ of injunction.

[12] The foregoing conclusions brought us to the question of whether, under the allegations of the application, we were authorized to issue the writ of prohibition, as prayed for. That the power exists in a proper case was expressly upheld by this court in the case of Cattlemen's Trust Co. of Ft. Worth v. Willis, 179 S. W. 1115, and we need not repeat what we there said. The further vital question, however, now presented, is whether a district or county court may, upon an amended petition, direct the issuance of a second writ of injunction after a previous order by the same judge or court has been dissolved. That this may be done under certain exceptional circumstances not necessary now to notice and not here involved, we do not doubt; but, under the circumstances here presented to us, we are of the opinion that it cannot lawfully be done. The record clearly shows that the amended petition, the prayer of which for the second writ was granted by the Honorable Jas. W. Swayne, as hereinbefore stated, contained no new matter not available to the plaintiff in the suit at the time the original order for the writ of injunction was granted. The amended petition merely contains, in substance, what was originally alleged, with added allegations of the facts the appellee attempted to establish upon the motion to dissolve.

[13] It is said in 22 Cyc. p. 780, par. "h," that:

"Where the complainant has obtained an injunction which has later been dissolved, he may be entitled to a second injunction if he amends his bill or files a supplemental one; but he is not entitled to a second injunction on grounds that were set up in his first bill, or should have been set up."

The author cites in support of the text decisions from Georgia, Kentucky, Louisiana, New Jersey, New York, and Ohio. To the same effect are numerous cases cited in 27 Cen. Edition of the American Digest, § 343 of title Injunctions. We approve this line of authorities. Indeed, as we think, the principle was directly involved and determined by our Supreme Court in the case of Hovey et al. v. Shepherd, 105 Tex. 237, 147 S. W. 224. In that case, as shown by the records of this court, and by the facts recited in the opinion, the Honorable Jas. Shepherd granted the petition for a second writ of injunc-

tion upon facts substantially embodied in or available at the time of the issuance of a former writ of injunction, which had been dissolved, and the Supreme Court with evident emphasis and promptness ordered the issuance of a writ of prohibition as prayed for in that case. If upon an amended petition of the character here under consideration a second writ of injunction may be granted after the dissolution of a prior one by this court, of what avail to a litigant is our order or jurisdiction? We dissolved the original injunction for want of sufficient allegations in the petition upon which it was granted. The necessary allegations were available and could have been made in the first instance as well as at the time of the amendment. Let us suppose that the appellants should prosecute an appeal from this second order, and we should again hold the petition insufficient and dissolve the second writ of injunction. Should it be said that appellee could further amend and include some necessary allegation pointed out by this court in its determination and again secure a third writ of injunction? Should such a course be maintainable, it is evident that, by amendments and additional writs of injunction, orders on the part of this court might be rendered entirely nugatory, and appellee would or could get all the relief originally sought, and appellants perhaps suffer irreparable injury. The appeal from the original order vested in this court full jurisdiction over the question therein involved, to the exclusion of the lower court.

[14] As said, with citation of numerous authorities, in 3 Corpus Juris, p. 1255, and following:

"As a general rule, when an appeal or writ of error is perfected, the cause becomes one for the cognizance of the appellate court, and for that court alone; the authority of the lower court is terminated, and it cannot proceed in the cause, at least as to the subject-matter of the appeal or writ, until the appeal or writ of error is heard and determined. So, pending an appeal from a decree in chancery, the chancellor has no power to render any further decree or order affecting the rights and equities of the parties. The appellate court acquires jurisdiction in all matters pertaining to the subject-matter of the appeal or writ of error itself and to the proper hearing thereof, and also in regard to all applications which, by statute, may, after the taking of the appeal or suing out of the writ, be made to such court, and the lower court cannot proceed in any manner so as to affect the jurisdiction acquired by the appellate court, or defeat the right of appellant or plaintiff in error to prosecute his appeal or writ of error with effect, although it may make such orders or decrees as may be necessary for the protection and preservation of the subject of the appeal, and which do not destroy or impair the same. Unauthorized proceedings in the lower court under the original judgment are generally held to be void."

[15] And in speaking of the effect of an appeal and of its power to enforce its orders, our Supreme Court said:

"So soon as the jurisdiction attaches under an appeal or writ of error, this court has full control of the cause, and can make such orders concerning it as may be necessary to preserve the rights of the parties and enforce its mandates. This jurisdiction continues until the case, as made by the appeal or writ of error, is fully determined by this court and its judgment is completely executed by the court below. If the judgment below is affirmed, or reversed and rendered or reformed, this court can see that the party in whose favor its decision has been given has the benefit of all proceedings below necessary to enforce its judgment. If remanded for a new trial, it retains control until the new trial is allowed in accordance with its mandate. If reversed and sent down to have some special judgment rendered by the court below, jurisdiction remains until that particular judgment is entered up, and the mandate of the court obeyed. For the purpose of enforcing all such orders coming within the appellate jurisdiction of the court, it may resort to the writ of mandamus, or any other appropriate writ known to our system of jurisprudence." Wells v. Littlefield, 62 Tex. 30, 31.

We approve what is said in the authorities quoted, and on the whole conclude that appellants' application for a writ of prohibition should be granted, and that the said second writ of injunction issued upon the said amended petition on the 8th day of May, 1916, should be dissolved and appellants restored to the possession originally held by them if in the meantime they have been disturbed. It is further ordered that appellee, his agents and attorneys, and the said the Honorable Jas. W. Swayne, as judge of the Seventeenth judicial district, are enjoined and prohibited, until such time as appellee's case against the appellants may be tried upon its merits, from further interfering with or disturbing the appellants as complained of. This opinion, however, is not to be construed as denying the right of injunction upon final hearing if upon the facts proven it should be proper, or as denying the issuance of a further temporary writ upon sufficient facts not heretofore available to the plaintiff.