FRISBY et al. v. ROCKINS.

No. 12475.

Court of Civil Appeals of Texas. Dallas.

April 17, 1937.

Rehearing Denied April 26, 1937.

O. H. Woodrow, of Sherman, for appellants.

W. J. Durham, of Sherman, for appellee.

JONES, Chief Justice.

Appellee, L. R. Rockins, instituted this suit in the county court of Grayson county against appellants, Glen Frisby and George Kidd, to recover title and possession of ten head of hogs, of the alleged aggregate value of $212.50. Appellee, by a verified petition, prayed for the issuance of what he terms a "temporary restraining order" to prevent the threatened sale of the hogs, pending the suit. On presentation of the petition the court granted, ex parte, what was termed a "restraining order," which forbade appellants to sell the hogs until the further order of the court. Appellants filed their motion to dissolve the so-called restraining order, on the ground that appellee's petition failed to state any grounds for the issuance of such an order. Appellants' motion was, in effect, a general demurrer to appellee's petition. The court overruled this motion and continued the restraining order, as a temporary writ of injunction, to continue in effect until the trial of the case on its merits. An appeal from this judgment has been duly perfected to this court.

The petition shows that appellee is the owner and bailee of the property in controversy and, as such owner, was in rightful possession of same; that appellants, acting jointly and separately, without the consent of appellee and without any title or interest in the property, and without any right, invaded appellee's premises and took possession of such property, carried same to the home of appellant George Kidd, where the hogs are now held in defiance of appellee's ownership and right of possession. The petition further shows that appellants are threatening to sell, and that they will sell, said property before the suit can be tried. Appellants, for the purpose of their motion to dissolve, in open court admitted the truth of these allegations of fact, and, by their pleading, necessarily admitted the truth of all fact allegations in appellee's petition, which included the further fact that appellants are insolvent.

Appellee has filed a motion to dismiss the appeal, on the ground that the order appealed from was the refusal of the court to dissolve a temporary restraining order, and not a temporary injunction. This motion was submitted on the day before the submission of the case, and was passed to be considered with the appeal. If only a temporary restraining order was issued, no appeal would lie. However, it is clear that, though the order was styled a "temporary restraining order," it was in fact a temporary injunction, the distinguishing feature of these writs being that a temporary restraining order is granted to hold until a named date, when it ends by operation. of law, and a temporary injunction is an order granted to hold until further orders of the court, or until the trial of the case on its merits. The order on its face shows that it was a temporary injunction, therefore appealable, and the judgment likewise shows that the order theretofore issued is continued in force until the trial of the case on its merits. Motion to dismiss the appeal is overruled.

Appellants' contention is that, the allegations in appellee's petition show that he had a remedy at law, just as complete and adequate as the equitable remedy of injunction; that is, under the facts alleged, appellee could apply for and secure a writ of sequestration, under article 6840, R.C.S.; that, having such legal remedy, the court should have required him to pursue same and have dissolved the temporary injunction. The question for decision therefore is whether, under the facts and circumstances of the case, the legal remedy of sequestration, undoubtedly available to appellee, is exclusive and denies to him the equitable remedy of injunction.

Article 4642, R.C.S., defines in several subdivisions the grounds upon which a court may grant a writ of injunction. Subdivision 1 reads: "Where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him." Subdivision 2 reads: "Where a party does some act respecting the subject of pending litigation or threatens or is about to do some act and is procuring or suffering the same to be done in violation of the rights of the applicant when said act would tend to render judgment ineffectual."

These two grounds are commonly known as statutory grounds for an injunction and, by their enactment, the Legislature, to a certain extent, enlarged the field of equity jurisdiction as it existed under the English courts of chancery.

Under the admitted facts of this case, appellee was entitled to a writ of injunction, on both the statutory grounds above quoted. Appellee was entitled to the relief demanded in his suit, both as to the title and possession of the property in question; and appellants were also intending to sell the hogs, in violation of appellee's right to their ultimate possession. We are inclined to the opinion that, because of the existence of these two statutory grounds, appellee had the right to the injunction, regardless of the existence of a legal remedy. Mitchell v. Burnett, 57 Tex.Civ.App. 124, 122 S.W. 937; Lane et al. v. Kempner et al. (Tex.Civ.App.) 184 S.W. 1090. However this may be, we are of the opinion that appellee had the right to the injunction under the rules of equity controlling the issuance of such a writ.

Article 6840, R.C.S., authorizes the issuance of writs of sequestration at the commencement and during the progress of any civil suit and. before final judgment. Subdivision 2 thereof provides that, "When a person sues for the title or possession of any personal property of any description, and makes oath that he fears the defendant or person in possession thereof will injure, ill-treat, waste or destroy such property, or remove the same out of the limits of the county during the pendency of the suit."

Under the facts of this case, appellants had the right to apply for a writ of sequestration, and could have made the necessary affidavit to secure same. This is a legal remedy that could have been pursued by appellee. Is the existence of such remedy, under the rules of equity, fatal to appellee's right to the temporary writ of injunction? As said by our Supreme Court, in Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994, 995, "It is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity." If the available legal remedy measures up to this test, then a court of equity will close its doors for injunctive relief; if the legal remedy does not measure up to this test, then the doors of a court of equity are open.

What of the remedy by sequestration? To avail himself of such remedy, appellant, under article 6842, R.C.S., must file in the county court a petition for a writ of sequestration, together with the required affidavit; then he must file a bond in an amount not less than double the value of the involved property, payable to appellants, conditioned for the payment of damages in such suit, in case that it shall be decided that such sequestration was wrongfully issued. Article 6843 R.C.S. When such writ is issued, then the officer serving the writ shall take the property into his possession, take care of same, and manage it in a prudent manner. Article 6846, R.C.S. Appellants then would have the right to replevy the property by executing a bond payable to appellee, in not less than double the value of the property. If ten days have elapsed and appellants have not replevied the property, then appellee may do so by giving bond of not less than double the value of the property. Article 6856, R.C.S.

■ Is this remedy as full, complete, and practical as the remedy by injunction? Under the facts of this case, we do not think so. Appellee's suit was for title and possession. It will be seen at once that the writ of sequestration, as a remedy, does not insure appellee possession of his property, if he secures a judgment in accordance with the admitted facts in this case, and we must assume for the present that such are the facts. If appellants should replevy the property, they would again take possession of the hogs and appellee would not be guaranteed possession after the trial of the case on its merits, but would only be guaranteed as to the reasonable value of the hogs. Then again, such legal remedy is more onerous than the legal remedy by injunction. Appellee would be required to give a larger bond and to incur appreciably more costs, thus the grounds for holding a legal remedy not as plain and adequate as the remedy by injunction clearly appear in the instant case. Sumner v. Crawford, supra. The following decisions, we think, sustain us in the holding that, notwithstanding the legal remedy of sequestration, appellee had the right to seek his remedy by injunction. Mitchell v. Burnett, 57 Tex.Civ.App. 124, 122 S.W. 937; Mid-Texas Pet. Co. et al. v. Colcord et al. (Tex.Civ.App.) 235 S. W. 710; Lane et al. v. Kempner et al. (Tex.Civ.App.) 184 S.W. 1090; Florence et al. v. Fikes (Tex.Civ.App.) 48 S.W.(2d) 1047.

This record shows that appellants committed a trespass against appellee and thereby ousted him of the rightful possession of his own property, and took possession of such property without any claim of right or ownership, and without any interest or title in same. This was a wrong begun against appellee which would be finally consummated by the sale of the hogs, a move which the record shows appellants intend to make before this case is tried on its merits, and by such sale fully consummate the wrong against appellee, of ousting him of ownership and possession of property without his day in court. If appellee had had notice that appellants intended to consummate this wrong against his ownership and possession of the hogs, clearly he could have come into a court of equity and enjoined such contemplated wrong. What rule of law prevents him now from going into a court of equity and, by enjoining a sale of the hogs, prevent the full completion of the contemplated wrong?

We are of opinion that the court did not err, under the admitted facts of this case, in overruling appellants' motion to dissolve the injunction, that the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.