In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00076-CV

**KENNETH A. BITGOOD, Appellant**

V.

**STEPHEN S. HARKNESS AND ANNA M. HARKNESS, Appellees**

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-05-05682-CV**

## MEMORANDUM OPINION

In a suit to enforce deed restrictions, Kenneth A. Bitgood appealed the denial of his Texas Citizens Participation Act ("TCPA") motion to dismiss the malicious prosecution counterclaim filed against him by Stephen S. Harkness and Anna M. Harkness (collectively "Harkness"). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12). In four issues, Bitgood contends (1) he filed the motion to dismiss within the time permitted by the TCPA, (2) the TCPA applies, (3) Harkness had the burden of proof and failed to meet that burden, and (4) because the trial court erred

1

by denying Bitgood's motion to dismiss, the attorney's fee award to Harkness should be reversed and Bitgood should recover his attorney's fees. By way of a single cross-point, Harkness challenges our jurisdiction to consider this accelerated appeal. We reverse the trial court's order and remand the case to the trial court.

## BACKGROUND

This case has been before this Court on two previous occasions. *See Bitgood v. Harkness*, No. 09-20-00263-CV, 2021 WL 2371252 (Tex. App.—Beaumont June 10, 2021, pet. denied) (mem. op.) (*Bitgood I*); *see also In re Bitgood*, No. 09-21-00092-CV, 2021 WL 3555724 (Tex. App.—Beaumont Aug. 12, 2021, orig. proceeding) (mem. op.) (*Bitgood II*). For the sake of brevity, we set forth the case history where necessary but generally refer to the specifics of the factual history and background as we described them in *Bitgood I* and *Bitgood II*.

## DEED RESTRICTION LAWSUIT
## AND TEMPORARY INJUNCTION APPEAL

Bitgood sued Harkness for violating deed restrictions and sought to enjoin construction on Harkness's property. *Bitgood I*, 2021 WL 2371252, at *1. The trial court issued a temporary injunction on June 4, 2020. *Id*. at *3. After a hearing, on November 6, 2020, the trial court found Bitgood lacked standing, granted Harkness's motion to dismiss, and dismissed Bitgood's claims without prejudice. *Id*. at *4. Bitgood challenged the order dissolving the temporary injunction in an accelerated

appeal. *Id.* On June 10, 2021, we affirmed the trial court's order dissolving the temporary injunction. *Id*. at *9.

PRETRIAL SANCTIONS AND MANDAMUS

While *Bitgood I* was pending in the appellate court, Bitgood amended his trial court pleadings with another request for a temporary injunction, monetary damages, and permanent injunctive relief. *Bitgood II*, 2021 WL 3555724, at *2. Harkness filed a motion to dismiss for lack of subject matter jurisdiction due to Bitgood's lack of standing. *Id*. Harkness also filed a counterclaim seeking sanctions against Bitgood for filing a frivolous lawsuit. Bitgood responded by amending his pleadings to allege that he could enforce restrictions affecting the property conveyed in a 1975 deed that included the Bitgood and Harkness tracts or, in the alternative, that Bitgood could enforce deed restrictions as an owner of property within the general scheme comprised of thirty-four properties on Lake Conroe Drive as expressed in recitals contained in other individual deeds. *Id*. He further amended his pleadings to complain that Harkness had blocked the driveway Bitgood had used for fourteen years. *Id*. Bitgood requested temporary and permanent injunctive relief. *Id*. Bitgood also filed a motion for contempt for violating the temporary injunction that had been dissolved, the dissolution of which had not been superseded. *Id*.

Before we issued our opinion in *Bitgood I*, Harkness filed a motion to sanction Bitgood and his attorney for filing successive applications for injunctive relief on

3

grounds that had already been dismissed by the trial court. *Id*. Harkness argued Bitgood sought injunctive relief for harassment and delay and that he sought contempt in bad faith after the trial court dissolved the injunction. *Id*. In March 2021 the trial court ordered Bitgood and his attorney to pay a $20,000 penalty and to pay Harkness $18,640 in attorney's fees. *Id*. at *1.

Bitgood sought mandamus review of the pretrial sanctions order. *Id*. We temporarily stayed the trial court's order and requested a response from Harkness. After Harkness responded and Bitgood replied, we held the record did not support the trial court's finding that Bitgood's pleadings falsely stated that Harkness's property was located within the Tres Subdivision and that the trial court prematurely found the allegations to be false. *Id*. at *3. That said, the dismissal for lack of standing, since it was a dismissal without prejudice, did not bar Bitgood from repleading. *Id*. Factual allegations contained in Bitgood's superseded pleadings were not conclusive and were not judicial admissions. *Id.* at *4. We held the trial court abused its discretion by sanctioning Bitgood and his attorney for having filed an amended petition. *Id*. On August 12, 2021, we conditionally granted mandamus relief and directed the trial court to vacate its Order Imposing Sanctions. *Id*. at *5.

## COUNTERCLAIM, MOTION TO DISMISS, NONSUIT, AND TCPA APPEAL

While *Bitgood I* was pending in the appellate court, and before the trial court signed the order of sanctions against Bitgood and his lawyer that we addressed in

4

*Bitgood II*, Harkness filed a Third Amended Counterclaim, asserting claims against Bitgood for trespass on their property, bringing a frivolous suit in violation of section 9.001 and 10.001 of the Texas Civil Practice and Remedies Code, and malicious prosecution. With regard to the claim for malicious prosecution, Harkness alleged (1) the suit terminated in their favor on November 6, 2020, when the trial court dismissed Bitgood's case for lack of subject matter jurisdiction, (2) Bitgood acted with malice by continuing the proceeding after the trial court dismissed the case; (3) Bitgood, in bad faith, alleged the property was not located in the Tres Subdivision but was somehow subject to the extraterritorial jurisdiction of the Tres Subdivision; (4) Bitgood's actions caused injury to Harkness' reputation and to the value of the property during the period they were denied their right to use the property; and (5) Harkness suffered physical distress, mental anguish, and expenses in defending the underlying suit.

Bitgood filed a motion to dismiss under the TCPA. Bitgood alleged Harkness brought the malicious prosecution claim in response to Bitgood's exercise of his right to petition. Bitgood alleged the trial court's November 6, 2020 order of dismissal was without prejudice and that his Fourth Amended Petition incorporated the original claims subject to a pending appeal and included alternative claims and requests for injunctive relief. Bitgood argued Harkness brought the claim for malicious prosecution in response to Bitgood's exercising his right to adjudicate his

rights under Texas law. Bitgood argued Harkness' malicious prosecution claim lacked clear and specific evidence that (1) Bitgood pursued his lawsuit maliciously, (2) Bitgood lacked probable cause to enforce his rights under the restrictive covenants, (3) the underlying lawsuit was terminated in Harkness' favor, and (4) Harkness suffered a special injury. Bitgood attached an unsworn declaration for attorney's fees, which states the reasonable and necessary attorney's fees incurred in handling the motion to dismiss were $19,005, with an additional $20,000 for handling a resulting appeal, should one be filed.

Harkness asked the trial court to dismiss the TCPA motion as untimely because Bitgood filed the motion more than 60 days after Harkness filed their Second Amended Counterclaim, which presented a claim against Bitgood for filing a frivolous lawsuit. According to Harkness, the sole distinction between the Second Amended Counterclaim and the Third Amended Counterclaim was the addition of a claim for malicious prosecution. Harkness argued the same essential underlying fact that Bitgood changed his plea as to the location of Harkness' property underlies both claims. Harkness argued Bitgood did not have a legal right to petition to have the court hear his unlawful successive application for injunctive relief on grounds that could have been set up in the initial application and that Bitgood filed a sham petition not entitled to protection under the TCPA. Harkness objected to the unsworn declaration of Bitgood's lawyer on the ground that it was conclusory, full of

6

statements that could not easily be verified, and contained claims that were patently unreasonable considering the nineteen-day time period between service of the counterclaim and the date Bitgood filed his motion to dismiss under the TCPA. According to Harkness, a prima facie case of malicious prosecution was established by the filing of the petition for an injunction, verified by Bitgood, in the absence of privity or a general plan or scheme, when minimal due diligence would have revealed the deed restrictions were inapplicable. Harkness alleged that, although Bitgood was appealing the dissolution of the temporary injunction, the litigation terminated in Harkness' favor because Bitgood treated the appellate proceeding as if it had concluded by amending his pleadings in the trial court with successive applications for injunctive relief. Harkness requested attorney's fees because Bitgood's motion seeking relief under the TCPA was frivolous and brought to delay discovery in the suit, which was ongoing. In a reply, Harkness challenged the trial court's subject matter jurisdiction to hear Bitgood's TCPA motion.

After Bitgood filed his motion to dismiss under the TCPA, Harkness nonsuited his claims for malicious prosecution and for filing a frivolous suit by filing a notice of nonsuit. Even so, Harkness chose to retain a claim for trespass. Less than a week later, the trial court signed the order nonsuiting the claims Harkness filed for malicious prosecution and filing a frivolous suit without prejudice to the claims being refiled. Less than two weeks later, the trial court signed an amended order

denying Bitgood's TCPA motion to dismiss and ordered Bitgood to pay Harkness attorney's fees in of $9,000 within thirty days.

JURISDICTION

In a cross-point, Harkness argues we lack subject matter jurisdiction over Bitgood's appeal for two reasons: first, Harkness claims the trial court lacked subject matter jurisdiction over the amended pleadings Bitgood filed while Bitgood maintained his appeal from the trial court's order dissolving the temporary injunction; and second, the amended pleadings Bitgood filed while he pursued his previous accelerated appeal failed to allege changed circumstances sufficient to justify a new injunction.

Harkness argues the subject matter of Bitgood's accelerated appeal represents Bitgood's attempt to enforce the restrictions of Harkness' deed and enjoin the construction of their home. According to Harkness, once Bitgood perfected an accelerated appeal, the trial court no longer had jurisdiction over the subject matter of the suit. According to Harkness, since jurisdiction over the case existed exclusively in the appellate court, the trial court did not have jurisdiction when Bitgood amended his pleadings. Furthermore, the trial court lacked jurisdiction to rule on the motion to dismiss Bitgood filed under the TCPA asking the trial court to dismiss the counterclaim for malicious prosecution, which Harkness filed when Bitgood amended his pleadings.

Harkness cites *Birchfield v. Bourland* to support their challenge to our subject matter jurisdiction. *See* 187 S.W. 422, 426 (Tex. Civ. App.—Fort Worth 1916, no writ). In *Birchfield*, the appellate court reversed an order granting a temporary injunction and ordered the injunction dissolved. *Id.* at 424. Without filing a motion for rehearing with the appellate court, Bourland filed an amended petition in the trial court. *Id.* Two days after the appellate court issued its opinion, the trial court relied on the amended petition and issued a new injunction. *Id.* The appellate court dissolved the second temporary injunction and issued a writ of prohibition against issuing another temporary injunction. *Id.* at 426. The appellate court excluded from the prohibition any further temporary injunction based on new facts or an injunction on final hearing from the writ of prohibition. *Id.*

In *Birchfield*, the trial court issued a new injunction that was the same as the injunction the appellate court had ordered dissolved two days earlier. *Id.* at 424. It appears the appellate court in *Birchfield* simply enforced its judgment dissolving the temporary injunction. The current rules of appellate procedure allow the appellate courts to preserve the status quo pending the results of the appeal. *See* Tex. R. App. P. 29.6(a) ("While an appeal from an interlocutory order is pending, . . . the appellate court may review . . . a further appealable interlocutory order concerning the same subject matter; and . . . any interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal."). However,

9

neither Rule 29.6, nor *Birchfield* operate to deprive an appellate court of jurisdiction to review an order issued by the trial court during an accelerated appeal. To the contrary, trial courts retain jurisdiction while accelerated appeals are pending. *See id.* 29.5. Rule 29.5 does not restrict parties from amending their pleadings. *See id.* And trial courts may make further orders unless prohibited by law. *Id.* By statute, an appeal of an order granting a motion to dissolve a temporary injunction does not stay the commencement of the trial or other proceedings pending the resolution of the appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b).

Harkness also argues the trial court lacked jurisdiction to act on Bitgood's successive applications for injunctive relief because Bitgood failed to allege that circumstances had changed since his original application. In Bitgood's first accelerated appeal, we affirmed the trial court's order dissolving the temporary injunction because Bitgood failed to establish standing to seek injunctive relief. *See Bitgood I*, 2021 WL 2371352, at *9. As we explained in our opinion in the mandamus proceeding, Bitgood could amend his pleadings to establish standing. *Bitgood II*, 2021 WL 3555724, at *3. In response to Bitgood's amended pleading, Harkness filed a counterclaim for malicious prosecution. Bitgood invoked the TCPA in a motion to dismiss. The denial of a TCPA motion to dismiss by order or by operation of law is expressly appealable by an accelerated appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.008, 51.014(a)(12). In this appeal, we are not

10

confronted with an order contrary to the mandate we issued in Appeal Number 09-20-00263-CV. We overrule Harkness' cross-point.

TCPA NEW LEGAL ACTION

In issue one, Bitgood contends the trial court could not deny his TCPA motion to dismiss on the ground that he failed to comply with section 27.003(b), which requires a party to file the motion to dismiss a legal action not later than the 60th day after the date of service of the legal action. *See id*. § 27.003(b). The statutorily defined term "legal action" includes a "counterclaim . . . that requests legal, declaratory, or equitable relief[]" but does not include "a procedural action taken or motion made in an action that does not amend or add a claim for legal, declaratory, or equitable relief[.]" *Id.* § 27.001(6)(A). In response, Harkness argues that malicious prosecution is merely a subset of Harkness' earlier assertion that Bitgood should be sanctioned for filing a frivolous lawsuit.

The Courts of Appeals do not agree on whether a motion for sanctions for frivolous pleadings and motions can be a legal action for purposes of the TCPA. *Compare Patel v. Patel*, No. 14-18-00771-CV, 2020 WL 2120313, at *4-8 (Tex. App.—Houston [14th Dist.] May 5, 2020, no pet.) (mem. op.) and *Barnes v. Kinser*, 600 S.W.3d 506, 511 (Tex. App.—Dallas 2020, pet. denied), *with KB Home Lone Star Inc. v. Gordon*, 629 S.W.3d 649, 655 (Tex. App.—San Antonio 2021, no pet.) and *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 226 (Tex. App.—Austin

11

2018, no pet.). We need not decide whether a motion for sanctions qualifies as a legal action for purposes of the TCPA because Harkness' counterclaim for malicious prosecution qualifies as a new legal action for purposes of calculating the time for filing a motion to dismiss under the TCPA.

"[T]he essential facts alleged in a pleading comprise part of the cause of action and thus part of the legal action as the TCPA defines that phrase." *Montelongo v. Abrea*, 622 S.W.3d 290, 301 (Tex. 2021). "But the elements of the claim asserted also comprise part of the legal action as the TCPA uses that phrase." *Id.* Therefore, "an amended or supplemental pleading that asserts a new claim involving different elements than a previously asserted claim also asserts a new legal action that triggers a new sixty-day period for filing a motion to dismiss that new claim." *Id.*

A request to sanction a party or a lawyer for filing a frivolous pleading has different elements from a malicious prosecution claim. The elements of a claim of malicious prosecution of a civil claim are: (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). The cause of action for malicious prosecution does not require the plaintiff to prove that the person signed a pleading or motion.

12

"Chapters 9 and 10 of the Texas Civil Practice and Remedies Code and rule 13 of the Texas Rules of Civil Procedure allow a trial court to sanction an attorney or a party for filing motions or pleadings that lack a reasonable basis in fact or law." *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). "Under Section 10.001, the signer of a pleading or motion certifies that *each* claim, *each* allegation, and *each* denial is based on the signatory's best knowledge, information, and belief, formed after reasonable inquiry." *Id*. at 615. A party seeking sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code is not required to specifically show bad faith or malicious intent but may prevail by establishing the person certified he made a reasonable inquiry into all of the allegations when he did not and that he certified that all the allegations in the petition had evidentiary support, or were likely to have evidentiary support, when some allegations did not. *Id*. at 617. None of these provisions for imposing sanctions for filing a frivolous pleading require proof of special damages.

Harkness' Third Amended Counterclaim asserted for the first time a claim that contains different elements than a previously asserted claim, thereby initiating or restarting the sixty-day time limit for Bitgood to file a motion to dismiss. *See Montelongo*, 622 S.W.3d at 301. We conclude Bitgood filed his motion to dismiss within the time required by the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b). We sustain issue one.

13

APPLICABILITY OF THE TCPA

In issue two, Bitgood contends the trial court erred by denying his motion to dismiss Harkness' claim for malicious prosecution because the claim qualifies as a legal action filed in response to Bitgood's exercise of his right to petition. *See id*. § 27.003(a). To establish his right to a dismissal of Harkness' counterclaim for malicious prosecution, Bitgood must establish that Harkness' legal action is in response to Bitgood's exercise of the right to petition. *See id*. §§ 27.003(a), 27.005(b)(1)(B). "Exercise of the right to petition" is defined, in part, as "a communication in or pertaining to . . . a judicial proceeding[.]" *Id*. § 27.001(4)(A)(i). If Bitgood establishes his right to dismissal, to avoid dismissal Harkness must "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." *See id.* § 27.005(c). If Harkness makes a prima facie case of malicious prosecution, to obtain relief under the TCPA Bitgood must establish "an affirmative defense or other ground in which [Bitgood] is entitled to judgment as a matter of law." *See id*. § 27.005(d).

Harkness responds that the TCPA does not protect "sham petitions" that are objectively baseless and conceal an attempt to harm a rival directly through the judicial process itself as opposed to the outcome. Harkness argues Bitgood's live pleading is a sham petition because the legal theories asserted therein were or should have been known to Bitgood when he filed his First Amended Application for

14

Injunction and Original Petition but were not pleaded until he filed his Fourth Amended Petition. Harkness also argues the malicious prosecution counterclaim preserves Harkness' right to seek redress from Bitgood's unlawful pleadings, which Harkness claims threaten to prolong litigation and unethically force concessions.

The trial court dissolved Bitgood's temporary injunction because the trial court sustained Harkness' motion to dismiss for lack of subject matter jurisdiction. *See Bitgood I*, 2021 WL 2371252 at *4. The trial court dismissed Bitgood's First Amended Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Original Petition without prejudice to refiling. *Id*. Since Bitgood had a right to replead his claims to correct his pleading deficiency and establish his standing to enforce the restrictions, his failure to assert the newly pleaded theory in his original petition did not render his amended petition a sham pleading. We conclude the TCPA applies. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003. We sustain issue two.

PRIMA FACIE CASE OF MALICIOUS PROSECUTION

In issue three, Bitgood contends Harkness failed to support with clear and specific evidence each element of a cause of action for malicious prosecution. As we noted above, the elements of a claim of malicious prosecution of a civil claim are: (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the

15

proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages. *Tex. Beef Cattle Co.*, 921 S.W.2d at 207. In *Texas Beef Cattle Company*, the Supreme Court of Texas held that until the appeals process had been exhausted, the underlying civil suit does not terminate in favor of the malicious prosecution case's plaintiff. *Id.* at 208.

Harkness argues that by amending his pleadings in the trial court Bitgood treated the appellate proceeding as if it had already terminated in favor of Harkness. Harkness further argues the counterclaim for malicious prosecution, having been merely prematurely filed, could be properly asserted if this Court affirmed the dissolution of the temporary injunction. We did affirm the trial court's dissolution of the temporary injunction, but that ruling did not finally determine whether Bitgood was entitled to enforce deed restrictions against Harkness. The trial court dismissed Bitgood's petition in an interlocutory order in a case that has not yet proceeded to trial and judgment, and any appeal that might follow. Until a cause of action accrues, there is no live controversy between the parties and the trial court cannot adjudicate the matter. *See City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985) ("A court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe."). Any claim Harkness could bring for malicious prosecution requires a final adjudication that has not yet occurred. We conclude Harkness failed to establish by clear and specific evidence a prima facie case for

16

each essential element of a claim for malicious prosecution. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). The trial court erred by denying Bitgood's motion to dismiss Harkness' counterclaim for malicious prosecution. We sustain issue three.

ATTORNEY'S FEES

In issue four, Bitgood challenges the trial court's award of attorney's fees to Harkness and argues he is entitled to a rendition of judgment for the fees he requested in his motion. Harkness responds the trial court properly exercised its discretion in awarding Harkness attorney's fees because its decision denying Bitgood's motion to dismiss under the TCPA was proper.

The trial court awarded attorney's fees to Harkness because it found Bitgood's motion was frivolous or brought solely for delay. *See id*. § 27.009(b). However, since we have found the trial court erred in failing to grant Bitgood's motion to dismiss, we reverse the trial court order awarding attorney's fees to Harkness.

An award of reasonable attorney's fees and costs incurred in defending the legal action is mandatory if a court orders dismissal of a legal action under the TCPA. *See id*. § 27.009(a)(1). The court may award the moving party sanctions. *Id*. § 27.009(a)(2). Because the trial court has not had the opportunity to consider these awards, we remand so that it may do so. We sustain issue four.

17

CONCLUSION

We reverse the trial court's order denying Bitgood's Motion to Dismiss Harkness's Third Amended Counterclaim for Malicious Prosecution. We remand the case to the trial court so the trial court may (1) determine Bitgood's reasonable attorney's fees and costs incurred in defending against Harkness's Third Amended Counterclaim for Malicious Prosecution and (2) consider whether to sanction Harkness, as Bitgood requested, under section 27.009(a) of the Civil Practice and Remedies Code.

REVERSED AND REMANDED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on February 25, 2022
Opinion Delivered April 21, 2022

Before Golemon, C.J., Kreger and Horton, JJ.